## MARTIN SASO II, AND KIM J. SEALY, F.K.A. KIM J. SASO, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29492-88.        Filed December 18, 1989.

*Gail Lapierre,* for the petitioners.

*Irvin W. Fegley* and *Henry Schneiderman,* for the respondent.

WILLIAMS, *Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike.[2] The issue for decision is whether petitioners may seek a redetermination of deficiencies attributable to partnership items in response to a notice of deficiency determining additions to tax subsequent to assessment of the deficiencies attributable to partnership items under section 6225(c).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time their petition was filed, petitioners resided at San Jose, California.

On April 13, 1987, respondent issued notices of final partnership administrative adjustment (FPAAs) determining

---

[1]This case was assigned pursuant to sec. 7443A and Rule 180 et seq. All section references are to the Internal Revenue Code as amended and as in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]While this docket was originally filed as a small tax case, based upon agreement of the parties, the small tax case designation has been removed.

adjustments to the 1982 and 1983 partnership returns of Pepiot Mine, Ltd. (hereinafter Pepiot). Each FPAA was mailed to the tax matters partner of Pepiot on April 13, 1987. Copies of each FPAA were mailed to Martin Saso II, and Kim J. Sealy, f.k.a. Kim J. Saso (hereinafter petitioners), as notice partners on April 13, 1987. Petitioners were limited partners in Pepiot.

As its name suggests, Pepiot was a mining venture. Pepiot was formed after September 3, 1982, and filed its initial partnership return for the short taxable period beginning October 1, 1982, and ending December 31, 1982.

No petition for readjustment of partnership items was filed with respect to the FPAAs issued for 1982 and 1983. After the period for filing a readjustment petition expired, respondent computed the tax owed by petitioners for 1982 and 1983 and assessed the tax as provided for in section 6225.

In his notice of deficiency issued August 12, 1988, respondent determined additions to tax for the taxable year 1982 under sections 6653(a)(1) and (2) and 6661(a). Respondent also determined that petitioners were liable for additional interest under section 6621(c). The additions to tax were determined by respondent with reference to a deficiency attributable to partnership items which resulted from respondent's disallowance of losses reflected on the 1982 partnership return of Pepiot. A timely petition was filed in response to the notice of deficiency.

In the petition, petitioners seek a redetermination of: (1) The deficiencies attributable to partnership items for 1982 and 1983 resulting from the adjustments to the partnership returns of Pepiot for those years; and (2) the additions to tax and additional interest for 1982 determined in the notice of deficiency. Respondent has moved to dismiss for lack of jurisdiction and to strike the claims relating to the deficiencies attributable to partnership items for 1982 and 1983.

Respondent contends that since the deficiencies for 1982 and 1983 are attributable to partnership items, they may only be redetermined in a proceeding at the partnership level under section 6221. Respondent also contends that petitioners filed their petition with respect to 1983 in response to a "flow-through report" issued to them explain-

ing the changes in their individual income tax resulting from the adjustments to the 1983 partnership return of Pepiot. Since no notice of deficiency has been issued to petitioners for their 1983 taxable year, respondent argues, this Court is without jurisdiction to redetermine the deficiency attributable to partnership items for that year. In response, petitioners contend that the statute of limitations bars assessment and collection of tax for their 1982 taxable year.

## OPINION

The tax treatment of any partnership item is generally determined at the partnership level. Sec. 6221. Section 6221 et seq. apply to any partnership's taxable year beginning after September 3, 1982. Sec. 402(a), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648.

A "partnership item" is any item required to be taken into account for the partnership's taxable year to the extent that the Secretary provides by regulations that "such item is more appropriately determined at the partnership level than at the partner level." Section 6231(a)(3). * * *

*N.C.F. Energy Partners v. Commissioner,* 89 T.C. 741, 743 (1987). The regulations provide that the partnership aggregate and each partner's share of "Items of income, gain, loss, deduction or credit of the partnership" are "partnership items." Sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. Since Pepiot's 1982 taxable year began after September 3, 1982, the provisions of section 6221 et seq. apply to the partnership's 1982 taxable year.

The deficiencies in petitioners' Federal income tax determined by respondent for 1982 and 1983 resulted from the disallowance of mining expense and investment interest expense claimed by Pepiot on its partnership return for those years. Disallowance of these deductions eliminated the losses claimed by the partnership for 1982 and 1983, petitioners' distributive share of which was claimed as a deduction by petitioners on their Federal income tax returns for each of those years.

The distributive share of Pepiot's losses for 1982 and 1983 claimed by petitioners on their Federal income tax return for those years clearly falls under the definition of

"partnership item" provided in section 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. As "partnership items," the losses claimed by petitioners "must be separated from the partner's personal case and considered solely in the partnership proceeding. See sec. 6226(a); sec. 6226(f)." *Maxwell v. Commissioner*, 87 T.C. 783, 788 (1986). See also *Farris v. Commissioner*, T.C. Memo. 1986-567. The deficiencies for 1982 and 1983 are thus deficiencies attributable to partnership items.

Respondent properly issued FPAAs to the tax matters partner of Pepiot as well as to petitioners as notice partners. No petition having been filed with respect to the FPAAs, respondent assessed the tax against petitioners pursuant to section 6225(c) and then issued a notice of deficiency to petitioners pursuant to section 6230(a)(2) for the additions to tax (and additional interest) for 1982. The additions to tax and additional interest for 1982 determined in the notice of deficiency are "affected items" as defined in section 6231(a)(5) that require factual determinations to be made at the partner level. See *N.C.F. Energy Partners v. Commissioner, supra.* This Court therefore has jurisdiction to determine the correctness of the additions to tax (and additional interest) for 1982 determined in the notice of deficiency.

Respondent complied with the statutory scheme of the partnership audit and litigation provisions, and we are without jurisdiction to consider the deficiency attributable to the partnership items in the context of the notice of deficiency issued to petitioners determining additions to tax and additional interest for 1982. Accordingly, respondent's motion to dismiss for lack of jurisdiction and to strike as to the deficiency attributable to partnership items for 1982 will be granted.

We need not consider petitioners' argument that the period of limitations has expired for assessment of the deficiency in tax for 1982. Petitioner's assertion that the adjustment to their tax for 1982 is barred by the statute of limitations is a defense on the merits, not a plea to the jurisdiction of this Court. *Badger Materials, Inc. v. Commissioner*, 40 T.C. 1061, 1063 (1963). When a jurisdictional issue is raised, as well as a statute of limitations issue, we

must first decide whether we have jurisdiction in the case before considering the statute of limitations defense. *King v. Commissioner*, 88 T.C. 1042, 1050 (1987), affd. on other grounds 857 F.2d 676 (9th Cir. 1988); see *Badger Materials, Inc. v. Commissioner, supra.* To the extent petitioners claim that the period of limitations has expired on the additions to tax and additional interest for 1982, we express no opinion herein. Such issue is not properly before us on respondent's jurisdictional motion.

No notice of deficiency has been issued to petitioners for their 1983 taxable year. The jurisdiction of the Tax Court is limited by statute, and we are without authority to enlarge upon that statutory grant of jurisdiction. *Phillips Petroleum Co. v. Commissioner*, 92 T.C. 885 (1989); *Estate of Meyer v. Commissioner*, 84 T.C. 560 (1985); *Estate of Young v. Commissioner*, 81 T.C. 879, 881 (1983); *Medeiros v. Commissioner*, 77 T.C. 1255, 1259 (1981). If we are to redetermine a deficiency, our jurisdiction is dependent upon the issuance of a notice of deficiency. Secs. 6211-6214. Since no notice of deficiency has been issued determining a deficiency in petitioners' income tax for their 1983 taxable year, it follows that we are without jurisdiction for that year.

It should be noted that for 1983, just as he did for 1982, respondent properly issued an FPAA to the tax matters partner of Pepiot and to petitioners as notice partners. When no petition was filed with respect to the FPAA for 1983, respondent assessed the deficiency attributable to partnership items of Pepiot for that year against petitioners. The statutory requirements having been met for determining an adjustment to the partnership return of Pepiot and assessing the deficiency attributable thereto against petitioners, we would be without jurisdiction to redetermine the deficiency for 1983 attributable to the partnership items even if respondent had issued a notice of deficiency to petitioners determining additions to tax and additional interest for that year.

Respondent's motion to dismiss for lack of jurisdiction as to petitioners' taxable year 1983 will be granted.

> *An order granting the respondent's motion to dismiss for lack of jurisdiction and to strike will be issued.*