THOMAS C. POWELL AND JOYCE R. POWELL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 19726-90, 19727-90.     Filed May 20, 1991.

Thomas C. Powell and Joyce R. Powell, pro se.
*Marsha Keyes,* for the respondent.

### OPINION

NIMS, *Chief Judge:* These cases are before the Court on petitioners' motions to restrain assessment and collection. (Unless otherwise indicated, all section references are to sections of the Internal Revenue Code as in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.)

### *Background*

On November 9, 1988, respondent issued notices of final partnership administrative adjustment for the taxable years 1983 and 1984 to the tax matters partner (TMP) of Assets Trading Ltd., a partnership subject to partnership level proceedings pursuant to the partnership audit and litigation procedures of section 6221 et seq. for 1983 and 1984. The TMP filed a timely petition for readjustment for 1983 and 1984.

On August 24, 1989, petitioners entered into a settlement agreement with respondent relating to their investment in

Assets Trading Ltd. Petitioners agreed to accept respondent's offer of settlement of partnership items but declined respondent's offer to settle related additions to tax and increased interest. Pursuant to the settlement, losses claimed by petitioners on their 1983 and 1984 tax returns of $30,174 and $25,530, respectively, were reduced to $11,000 for each year.

On June 6, 1990, respondent issued two statutory notices of deficiency to petitioners. In the first notice, respondent determined additions to tax pursuant to section 6659 (valuation overstatement) for the taxable year 1983 in the amount of $873 and increased interest under section 6621(c). In the second notice, respondent determined additions to tax pursuant to section 6659 for the taxable year 1984 in the amount of $565 and increased interest under section 6621(c).

The statutory notices state that the additions to tax and increased interest for both years relate to the disallowance of Schedule E losses which petitioners claimed with respect to Assets Trading Ltd.

On June 11, 1990, respondent assessed the tax and increased interest arising from petitioners' settlement of partnership items for 1983 and 1984. At that time, the tax and increased interest for 1983 totaled $11,251.52, while the tax and increased interest for 1984 totaled $6,779.84.

On September 4, 1990, petitioners, acting pro se, filed two separate petitions for redetermination. In the petition relating to taxable year 1983, petitioners dispute a deficiency in the amount of $11,251.52, an addition to tax in the amount of $873, and section 6621(c) increased interest. In the petition relating to taxable year 1984, petitioners dispute a deficiency in the amount of $6,991.32, an addition to tax in the amount of $565, and section 6621(c) increased interest.

On December 31, 1990, petitioners filed a motion to restrain assessment and collection in both cases. Attached to petitioners' motions were letters from the IRS District Director in Austin, Texas, dated April 18, 1988, proposing adjustments to the partnership returns filed by Assets Trading Ltd. for the taxable years 1983 and 1984. Also attached to the motions were several IRS collection notices requesting payment of tax due for the taxable years 1983

and 1984. The notices requested payment of the amounts previously assessed on June 11, 1990.

On January 22, 1991, respondent filed responses to petitioners' motions, alleging that the only issues properly in dispute concern petitioners' liability for the additions to tax provided in section 6659. Respondent asserts that the additions to tax relate to the disallowed losses claimed by petitioners in Asset Trading Ltd. and that petitioners and respondent previously executed a timely settlement respecting petitioners' share of adjustments to partnership items for 1983 and 1984.

In his answers filed on January 22, 1991, respondent denies that deficiencies in the amounts of $11,251.52 and $6,991.32 are in dispute for the taxable years 1983 and 1984, respectively. Respondent also alleges that the Court lacks jurisdiction to redetermine increased interest under section 6621(c) since the statutory notices relate to affected items only.

While it appears to be respondent's position that we lack jurisdiction to redetermine the deficiencies and increased interest which petitioners dispute in their petitions, respondent has filed no jurisdictional motions with respect to the petitions pending before us.

## Discussion

Petitioners do not cite any specific statutory authority for their motions to restrain assessment and collection. As a preliminary matter, however, it is evident that section 6225(b) may be eliminated as a basis for the motions because this is not a proceeding to readjust the tax treatment of partnership items. Section 6225(b) provides in general that premature assessment and collection actions by the IRS in partnership-level proceedings may be enjoined in the proper court. Accordingly, we assume that petitioners seek to invoke our jurisdiction pursuant to section 6213(a).

Section 6213(a) provides that respondent generally is precluded from assessing or collecting a deficiency until a notice of deficiency authorized in section 6212 is mailed to the taxpayer with respect to the deficiency and until the expiration of the 90-day or 150-day period for filing a timely petition for redetermination. In the event a petition is filed

with this Court, respondent is further precluded from assessing or collecting the deficiency until the decision of this Court becomes final.

Section 6243(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3749, amended section 6213(a), effective with respect to orders entered after November 10, 1988, to extend to this Court jurisdiction to restrain assessment and collection of a deficiency if the deficiency is the subject of a timely filed petition pending before the Court. Section 6213(a) provides in pertinent part:

Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court. *The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.* [Emphasis added.]

Thus, our jurisdiction to enjoin respondent's collection efforts in this case depends on whether respondent is attempting to collect the same deficiencies that are the subjects of the timely filed petitions pending before us.

Before attempting to determine whether we have jurisdiction under section 6213(a), we must first decide whether we have jurisdiction over the deficiencies and increased interest placed in dispute in the petitions filed herein. Respondent contends in his answers that these amounts are not properly in dispute in this proceeding. If we lack jurisdiction over these amounts in the first instance, then it follows that we are without jurisdiction under section 6213(a) to restrain assessment and collection thereof.

In defining the scope of our jurisdiction, we begin with the notices of deficiency upon which the petitions in this case are based. The notices determined deficiencies based on affected items. See sec. 6231(a)(5). Specifically, the notices indicate that the additions to tax under section 6659 arise directly from adjustments to the Schedule E losses claimed by petitioners for Assets Trading Ltd. See *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 745-746 (1987) (the section 6659 addition to tax is an affected item of the type

that may require findings of fact peculiar to the particular partner).

Next, we note that there is no dispute that petitioners and respondent executed a settlement agreement with respect to the adjustment of partnership items of Assets Trading Ltd. The settlement agreement provided that petitioners would waive the restrictions on assessment and collection of any tax attributable to partnership items with interest as required by law.

By virtue of the settlement, the tax attributable to partnership items for 1983 and 1984 was converted into nonpartnership items under section 6231(b)(1)(C). This tax, along with increased interest, was subsequently assessed on June 11, 1990. Because such amounts may be collected outside of the normal deficiency procedures, they are not the proper subject of a petition for redetermination in an affected items proceeding. See sec. 6230(a)(2)(A)(ii); compare *Saso v. Commissioner*, 93 T.C. 730, 734 (1989) (Court lacks jurisdiction to consider tax attributable to partnership items assessed pursuant to section 6225(c)).

Respondent alleges that the amounts listed as "deficiencies" in the petitions herein are in fact the amounts he assessed petitioners pursuant to their settlement of partnership items. Since respondent's allegation is not disputed by petitioners and is supported by the exhibits attached to respondent's supplemental responses, the point will be treated as having been conceded by petitioners. Because tax attributable to the settlement of partnership items is not properly before us in this proceeding, we must on our own initiative dismiss for lack of jurisdiction and strike as to the deficiencies which petitioners attempt to place in dispute. See *Smith v. Commissioner*, 96 T.C. 10 (1991); *National Committee to Secure Justice v. Commissioner*, 27 T.C. 837, 839 (1957) (questions of jurisdiction must be addressed by the Court on its own motion if not raised by either party).

Further, we conclude that we lack jurisdiction to redetermine petitioners' liability for increased interest under section 6621(c). As explained in *White v. Commissioner*, 95 T.C. 209 (1990), we are without jurisdiction to determine increased interest under section 6621(c) where the only deficiencies in dispute are additions to tax. See also

*Odend'hal v. Commissioner,* 95 T.C. 617 (1990). Accordingly, we must dismiss for lack of jurisdiction and strike so much of each of the petitions as relates to the increased interest specified in section 6621(c).

As a result of our having stricken from the petitions those matters over which we have no jurisdiction, the only deficiencies properly in dispute in this proceeding pertain to petitioners' liability for the additions to tax provided in section 6659.

With respect to our jurisdiction under section 6213(a), we have concluded that respondent's collection efforts are directed at amounts arising from petitioners' settlement of partnership items and section 6621(c) increased interest. Because respondent is not attempting to collect the deficiencies that are properly the subject of the petitions filed herein, we have no authority under section 6213(a) to grant petitioners the relief they seek. Accordingly, petitioners' motions to restrain assessment and collection must be denied.

To reflect the foregoing,

*An appropriate order will be issued.*