108 T.C. No. 1

UNITED STATES TAX COURT

LAWRENCE V. AND KATHARINE T. BROOKES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11770-96.                    Filed January 2, 1997.

Ps were partners in a partnership that was the
subject of a partnership proceeding.  R mailed a notice
of final partnership administrative adjustment (FPAA)
for taxable years 1983 and 1984 to the tax matters
partner (TMP).  The TMP filed a petition, and Ps filed
a motion to participate in the partnership proceeding,
which this Court granted.  The TMP settled the
partnership case and certified that no party objected
to the settlement.  Ps did not receive notice of the
settlement before the decision was entered by this
Court but received notice of the decision 4 days after
it was entered.  Ps object to the settlement and claim
interests adverse to those of the TMP.  R assessed
deficiencies in Ps' Federal income taxes for 1983 and
1984 as "computational adjustments" based on the
partnership adjustments.  See sec. 6231(a)(6), I.R.C.
Thereafter, R mailed Ps a notice of deficiency for
"affected items", determining additions to tax for 1980
and 1983.  Ps filed a petition for redetermination with
respect to the affected items deficiency and the 1983
and 1984 assessments attributable to their share of
partnership items.  R filed a motion to dismiss for
lack of jurisdiction and to strike the portion of the

petition that attempts to put the 1983 and 1984 assessments into issue. Ps argue they were denied due process in the partnership proceeding because they did not have an opportunity to be heard and did not have the right to appeal from a stipulated decision. Ps filed a cross-motion to dismiss for lack of jurisdiction because R did not issue a notice of deficiency for the partnership adjustments before assessment.

Held: We lack jurisdiction in this affected items proceeding to redetermine the deficiencies resulting from the partnership adjustments for 1983 and 1984. Held, further, Ps were not denied their rights to procedural due process based on their lack of notice of the settlement even though their position was adverse to that of the TMP and they did not have the right to appeal. Ps could have moved to vacate the decision in the partnership proceeding upon receiving notice of that decision. Held, further, R is not required to issue a notice of deficiency with respect to partnership items upon the completion of a partnership proceeding before assessing deficiencies for the partnership adjustments.

Lawrence V. Brookes, for petitioners.

Allan D. Hill, for respondent.

OPINION

GERBER, Judge: Respondent issued a notice of deficiency for petitioners' 1980 and 1983 tax years, determining additions to tax attributable to petitioners' partnership interest in Barrister Equipment Associates Series 122, a limited partnership (Barrister). The notice of deficiency was issued following the conclusion of a partnership proceeding involving Barrister's 1983 and 1984 taxable years. In the parlance of partnership proceedings, additions to tax are described as affected items and

come into play following the completion of the partnership proceeding. In response to the affected items notice of deficiency, petitioners filed a petition with this Court. At the time their petition was filed, petitioners resided in Berkeley, California. Petitioners attempted to place in issue not only the additions to tax but also the adjustments to their 1983 and 1984 income tax attributable to their partnership items determined in the Barrister partnership proceeding. Respondent has not issued a notice of deficiency to petitioners for 1984.

Respondent moved to dismiss, for lack of jurisdiction, the portion of the petition relating to the 1983 and 1984 tax and interest assessed as a computational adjustment in the wake of the Barrister proceeding. Conversely, petitioners, by a cross-motion, seek a dismissal for lack of jurisdiction as to the assessment of the 1983 and 1984 tax and interest on the ground that respondent failed to issue a notice of deficiency for the 1983 and 1984 tax relating to the Barrister partnership items prior to the assessment. In addition, petitioners moved to restrain collection of the 1983 and 1984 assessed tax and interest.

A threshold question that is key to resolving these motions is whether we have jurisdiction to entertain controversies involving petitioners' assessed 1983 and 1984 partnership income tax liabilities in the context of this affected items proceeding,

which is separate from the partnership proceeding involving Barrister.

Background

Notices of final partnership administrative adjustment (FPAA) for 1983 and 1984 were mailed on September 5, 1989, to Barrister and its general partner/tax matters partner (TMP). The TMP timely filed a petition on November 17, 1989. Petitioners here moved to participate in the Barrister partnership proceeding, and this Court granted their motion. The Barrister proceeding concluded by the entry of an agreed decision on January 5, 1995, pursuant to an agreement between respondent and the TMP. The TMP, by means of its execution of a stipulated decision document, certified that no party objected to the entry of the decision. Respondent assessed tax and interest against petitioners for 1983 and 1984 reflecting the treatment of their share of partnership items in accordance with the decision entered in the Barrister proceeding.

Petitioners herein claim that they were neither given notice of, nor were in agreement with, the settlement between respondent and the TMP. Petitioners further contend that respondent knew, at the time of the execution of the stipulated decision, that they had not received notice of the settlement.[1] Petitioners, however, did receive a copy of the decision on January 9, 1995, 4

---

[1] We assume for purposes of these motions that petitioners' claims can be substantiated.

days after its entry.  In this regard, petitioners claim that there was a fraud upon the Court as to the entry of the decision in the partnership proceeding.  Respondent counters that, assuming the Court was fraudulently misled about the notification of participating partners, we lack jurisdiction to consider such matters in the context of petitioners' affected items proceeding. Petitioners also claim that they were denied due process.  Thus, petitioners argue that the decision in the Barrister partnership proceeding is not res judicata and binding as to them.

In addition to their contentions as to the validity of the prior partnership proceeding, petitioners also maintain that respondent was required to issue a notice of deficiency before assessing and attempting to collect the 1983 and 1984 income tax attributable to their Barrister partnership items.  In other words, petitioners interpret the Internal Revenue Code as requiring respondent to issue a notice of deficiency before assessing a computational adjustment reflecting the partnership items, even though a partnership proceeding has been completed pursuant to sections 6221 through 6233.[2]

Discussion

---

[2] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the periods under consideration, and Rule references are to the Tax Court Rules of Practice and Procedure.

Initially, we note that we have jurisdiction to consider the question of our jurisdiction over the parties or subject matter. Pyo v. Commissioner, 83 T.C. 626, 632 (1984).

1. Res Judicata--Petitioners contend that the doctrine of res judicata does not bar relitigation of the Barrister partnership items because they are presenting issues regarding those items not addressed in the partnership proceeding. Accordingly, they argue that they are not bound by the Barrister proceeding. Respondent, without agreeing with their underlying arguments, argues that petitioners should have moved this Court to reconsider or vacate the decision in the Barrister partnership proceeding. Petitioners have framed the issue in a manner that suggests two separate paths of inquiry to determine whether we have jurisdiction over the partnership items in this proceeding. First, we must analyze the statutory partnership provisions to determine whether we can consider the tax assessments from a partnership proceeding in petitioners' affected items proceeding. If we decide that the statutory provisions do not offer the relief sought, we then consider petitioners' constitutional claim that they were deprived of procedural due process.

Sections 6221 through 6231 provide for a unified partnership proceeding to determine the tax treatment of partnership items separate from and independent of a partner's deficiency proceeding involving nonpartnership items. Maxwell v. Commissioner, 87 T.C. 783, 787-788 (1986); H. Conf. Rept. 97-760,

at 600 (1982), 1982-2 C.B. 600, 662.  Consequently, the portion of any deficiency attributable to partnership items cannot be considered in a partner's personal case and must be considered solely in a partnership proceeding.  Secs. 6221, 6226(a); Maxwell v. Commissioner, supra at 788.  Thus, we lack jurisdiction to redetermine a deficiency attributable to partnership items in a partner-level proceeding involving nonpartnership items.  Powell v. Commissioner, 96 T.C. 707, 712 (1991); Woody v. Commissioner, 95 T.C. 193, 208 (1990); Saso v. Commissioner, 93 T.C. 730, 734 (1989); Maxwell v. Commissioner, supra at 788.

Section 6231(a)(3) defines a "partnership item" as any item required to be taken into account for the partnership's taxable year to the extent that the Secretary provides by regulations that the item is more appropriately determined at the partnership level than at the partner level.  N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 743 (1987).  Partnership items include each partner's proportionate share of the partnership's aggregate income, gain, loss, deduction, or credit.  Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

"Affected items" are nonpartnership items, defined in Crowell v. Commissioner, 102 T.C. 683, 689 (1994), as follows:

> Affected items are defined under section 6231(a)(5) as any item to the extent such item is affected by a partnership item.  White v. Commissioner, 95 T.C. 209, 211 (1990).  The first type of affected item is a computational adjustment made to record the change in a partner's tax liability resulting from adjustments reflecting the proper treatment of

partnership items.  Sec. 6231(a)(6); White v.
Commissioner, supra.  Once partnership level
proceedings are completed, respondent is permitted to
assess a computational adjustment against a partner
without issuing a deficiency notice.  Sec. 6230(a)(1).

The second type of affected item requires a
partner level determination.  N.C.F. Energy Partners v.
Commissioner, 89 T.C. 741, 744 (1987).  Section
6230(a)(2)(A)(i) provides that the normal deficiency
procedures apply to those affected items which require
partner level determinations.  The additions to tax for
negligence and valuation overstatement are affected
items requiring factual determinations at the
individual partner level.  N.C.F. Energy Partners v.
Commissioner, supra at 745.  It is well settled that we
lack jurisdiction to consider partnership items in an
affected items proceeding.  Saso v. Commissioner, 93
T.C. 730 (1989).

Although petitioners allege error concerning affected items

(additions to tax), they are not pursuing the merits of that

controversy at this time.  Instead, they ask us to redetermine

tax attributable to partnership items because they did not

receive notice of the settlement of those items.

In Crowell v. Commissioner, supra, we considered the effect

of a taxpayer's lack of notice of the partnership proceeding on

the validity of an affected items notice of deficiency.  In

Crowell, the taxpayers argued that they had not received notice

of the partnership-level proceeding from respondent in accordance

with section 6223(a), and no petition was filed to contest the

FPAA.  We reasoned that the partnership items set forth in the

Crowell FPAA would become nonpartnership items under section

6223(e) if the taxpayers had not been sent proper notice.  See

sec. 6231(b)(1)(D).  We concluded that under these circumstances,

whether sufficient notice of the partnership-level proceeding had been provided to the taxpayers could be considered in a partner-level proceeding.  As noted above, petitioners do not presently seek to question the affected items set forth in the notice of deficiency issued to them.  Further, the lack of notice here does not concern an alleged failure by respondent to comply with section 6223, but the TMP's failure to notify petitioners and obtain their approval of the settlement between the TMP and respondent.  That alleged lack of notice does not permit the conversion of a partnership item into a nonpartnership item.  See sec. 6231(b) and (c).  Furthermore, petitioners became participating partners in the Barrister proceeding and received notification of the entry of the stipulated decision at a time when they could have sought to have that decision reconsidered or vacated.

Petitioners do not present, nor have we found, any authority permitting us to redetermine partnership items in this affected items proceeding.  Section 6226(f), which governs judicial review of adjustments to partnership items, grants jurisdiction over all partnership items and the proper allocation of the partnership items among the partners to the Court in which a petition is filed with respect to the FPAA.  Our jurisdiction for the instant proceeding is based on the issuance of a notice of deficiency with respect to nonpartnership items.

Notwithstanding the merits of petitioners' res judicata argument, we lack jurisdiction over the Barrister partnership items. Therefore, we will grant respondent's motion to dismiss and strike. Allowing petitioners to challenge the decision in the partnership proceeding in their affected items case would ignore congressional intent that there be a unified, single resolution of partnership items.

2. Due Process--Petitioners argue that allowing the assessment of the 1983 and 1984 tax based on the decision in the Barrister partnership proceeding deprives them of their right to procedural due process. Petitioners contend that their interests are adverse to those of the TMP and that the stipulated decision by the TMP denied their right to a trial and to appeal the decision.

Our jurisdictional inability to address the tax assessment attributable to partnership items in the context of this deficiency proceeding does not violate petitioners' rights to due process. We have found that the TEFRA partnership provisions generally do not violate taxpayers' rights to due process. See 1983 Western Reserve Oil & Gas Co. v. Commissioner, 95 T.C. 51, 64 (1990), affd. without published opinion 995 F.2d 235 (9th Cir. 1993). As a general rule, a taxpayer possesses a constitutionally cognizable property interest invoked by the assessment and collection of taxes. Accordingly, petitioners

must receive an opportunity to present their case. <u>Brinkerhoff-Faris Trust & Savings Co. v. Hill</u>, 281 U.S. 673 (1930).

Although petitioners did not receive notice of settlement, they did receive notice of the entry of the decision in the partnership-level proceeding. Upon entry of the decision, petitioners had 30 days in which to file a motion to vacate that decision. Rule 162. After 30 days, special leave of Court is required to file such a motion. Granting a motion for leave lies within the sound discretion of the Court. <u>Heim v. Commissioner</u>, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1.

A decision generally becomes final after 90 days unless appealed. Sec. 7481(a)(1). Once a decision of this Court becomes final, we may still vacate the decision, but only in certain narrowly circumscribed situations. <u>Helvering v. Northern Coal Co.</u>, 293 U.S. 191 (1934). Petitioners argue that a fraud was committed upon the Court. This Court may vacate a final decision if obtained through fraud upon the Court, <u>Abatti v. Commissioner</u>, 859 F.2d 115, 118 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); <u>Senate Realty Corp. v. Commissioner</u>, 511 F.2d 929, 931 (2d Cir. 1975); <u>Stickler v. Commissioner</u>, 464 F.2d 368, 370 (3d Cir. 1972); <u>Casey v. Commissioner</u>, T.C. Memo. 1992-672. If the Barrister decision is to be vacated, however, it cannot be accomplished in the context of petitioners' affected items proceeding.

3.  Is a Separate Deficiency Notice Required As a Prerequisite to Assessment of Partnership Items?--Normally, a taxpayer's income tax liability for each year is separate and subject to resolution in a single administrative and/or legal proceeding.  In 1982, Congress provided for a separate, unified partnership-level proceeding, thereby creating the possibility that an individual partner may be involved in two or more separate proceedings for any taxable year.  Respondent's determinations of partnership and nonpartnership items are subject to differing notice requirements to the partners. Partners receive notices of deficiency for their nonpartnership and/or affected items.  At the partnership level, the tax matters partner and notice partners receive an FPAA.  The appropriate notice must first be issued before respondent can assess either the partnership or the nonpartnership items.

Petitioners here question the separate nature of partnership and partner-level proceedings vis-a-vis respondent's ability to assess a computational adjustment reflecting partnership items without first issuing a notice of deficiency to the partner.  In essence, petitioners contend that even though respondent issued an FPAA and a partnership proceeding (in which petitioners participated) was begun and concluded, respondent must issue a separate notice of deficiency to petitioners prior to assessing the partnership items.

Courts have repeatedly held that the normal deficiency procedures, including the notice of deficiency, do not apply to the allocation of partnership items among partners.  Randell v. United States, 64 F.3d 101, 107 (2d Cir. 1995); Pack v. United States, 992 F.2d 955, 957-958 (9th Cir. 1993); Harris v. Commissioner, 99 T.C. 121, 125 (1992), affd. 16 F.3d 75 (5th Cir. 1994); Sente Inv. Club Partnership v. Commissioner, 95 T.C. 243, 249 (1990).  Despite this long line of cases, petitioners argue that a notice of deficiency is required because the partnership provisions do not vest respondent with authority to assess partnership items against the partners upon the conclusion of a partnership proceeding.  Thus, respondent must rely on section 6201 for that authority.  Petitioners reason that since section 6201(d) refers to the deficiency procedures of subchapter B, respondent must comply with that subchapter for all assessments, including assessments attributable to partnership items.

Section 6230(a)(1) provides that, in general, the deficiency notice procedures do not apply to the assessment of computational adjustments.  A "computational adjustment" is

> "the change in the tax liability of a partner which properly reflects the [tax] treatment * * * of a partnership item".  Sec. 6231(a)(6).  In short, a computational adjustment reflects the amount of change in the tax liability of a partner that is assessed after a FPAA proceeding becomes final * * *

Palmer v. Commissioner, T.C. Memo. 1992-352, affd. without published opinion 4 F.3d 1000 (11th Cir. 1993).  However,

petitioners contend that section 6230(a)(1) should not be read to exempt from the deficiency procedures of subchapter B a computational adjustment reflecting the treatment of partnership items. Petitioners suggest that the term "tax liability" in the definition of computational adjustment refers to the amount due after respondent assesses a deficiency in accordance with subchapter B.

Section 6225(a) restricts assessment of a deficiency attributable to a partnership item until completion of the partnership proceedings, while section 6230(a) makes subchapter B procedures inapplicable to that assessment. Thus, contrary to petitioners' argument, section 6201 assessment authority is not limited to assessment under subchapter B procedures. The mere reference to subchapter B in section 6201(d) does not mean that respondent lacks assessment authority as to partnership items unless respondent adheres to subchapter B procedures. Petitioners argue that respondent must comply with section 6213, which requires a notice of deficiency prior to assessment. However, paragraph (3) of section 6213(h) refers to section 6230(a) for the applicability of the notice requirement to deficiencies attributable to partnership items. In addition, section 6216(4) provides: "For procedures relating to partnership items, see subchapter C." Those references belie petitioners' contention that respondent must comply with the deficiency procedures of subchapter B before assessing a computational

adjustment.  In addition, requiring a notice of deficiency as a predicate for such assessment of partnership items after the conclusion of a partnership proceeding would ignore congressional intent to provide for a separate partnership proceeding.

We note that petitioners concede that a notice of deficiency with respect to partnership items would not give taxpayers the right to relitigate the partnership items.  In addition, the partnership provisions safeguard due process rights by providing taxpayers with notice of the partnership adjustment and an opportunity to participate in the partnership proceeding. Petitioners' approach would add a procedural step that creates a mere formality and does not provide any additional due process protection.

In light of the lengthy list of cases that hold that a notice of deficiency is not required before assessment of a computational adjustment, we find petitioners' argument that such a notice is required unpersuasive.  We will deny petitioners' motion to dismiss for lack of jurisdiction.  Because the assessment of petitioners' 1983 and 1984 income tax and interest based on the decision entered in the Barrister proceeding is not within our subject-matter jurisdiction in this case, it follows that we have no authority to restrain collection of the assessed 1983 and 1984 income tax and interest.

To reflect the foregoing,

- 16 -

An order granting respondent's motion and denying petitioners' motions will be issued.