T.C. Memo. 1999-150


UNITED STATES TAX COURT


DAVID E. AND JEAN H. KOHN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5390-95.                    Filed May 4, 1999.


<u>David B. Morse</u>, for petitioners.

<u>Howard A. Wiener</u>, for respondent.


MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:   This matter is before the
Court on respondent's Motion to Dismiss for Lack of Jurisdiction
and to Strike the Claims Relating to the Deficiency Attributable
to Partnership Items and petitioners' Motion to Restrain

Assessment and Collection.[1]  Respondent issued notices of deficiency for petitioners' 1979 through 1982 tax years in which respondent determined additions to tax attributable to petitioner David E. Kohn's partnership interest in Hamilton Recycling Associates (Hamilton).  The notices of deficiency were issued following the conclusion of a partnership proceeding involving Hamilton's 1982 through 1985 taxable years.  In response to the notices of deficiency, petitioners have filed with this Court a petition in which petitioners not only contest the additions to tax, but also attempt to place in issue deficiencies that were assessed by computational adjustment, additional interest that was computed pursuant to section 6621(c), and the validity of the underlying partnership proceedings.  All references to petitioner are to David E. Kohn.  At the time of the petition petitioners resided in Vadnais Heights, Minnesota.

Background

During 1982, petitioner became a limited partner in Hamilton.  Until February 18, 1986, Sam Winer (Winer) was Hamilton's tax matters partner (TMP).  On February 18, 1986, Winer resigned as TMP pursuant to a United States District Court order restricting him from representing Hamilton or its partners

---

[1]  All section references are to the Internal Revenue Code in effect for the tax years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

in court proceedings. Subsequently, Department of Justice attorneys moved the court to reinstate Winer as Hamilton's TMP for the purpose of providing "administrative services".

Following Winer's reinstatement, Winer and respondent entered into a series of agreements extending the period of limitations for assessing tax relative to Hamilton for the years 1982 through 1985. On March 13, 1989, respondent issued a notice of Final Partnership Administrative Adjustment (FPAA) to Hamilton for its 1982 through 1985 years. On May 15, 1989, Winer filed a petition with this Court on behalf of Hamilton that commenced a partnership action docketed as Hamilton Recycling Associates, Sam Winer, Tax Matters Partner, Petitioner v. Commissioner of Internal Revenue, docket No. 9990-89.

In 1993, Winer, as TMP, entered into a settlement agreement with respondent to the effect that Hamilton conceded all adjustments in the FPAA. Accordingly, on November 9, 1993, pursuant to Rule 248(b), respondent filed a motion for entry of decision and lodged with the Court a proposed decision that reflected a full concession by the partnership of all partnership items for 1982 through 1985. No party objected to the proposed decision. Therefore, on February 17, 1994, respondent's motion for entry of decision was granted, and on February 23, 1994, the proposed decision was entered as the decision of the Court. Since no party appealed the Court's decision, the decision became

final on May 24, 1994. See sec. 7481. On June 18, 1997, petitioner filed a notice of election to participate in the Hamilton partnership proceedings. On the same day, he filed a motion for special leave to file a motion to reconsider or vacate the Hamilton decision.

Upon completion of the partnership proceedings, respondent made computational adjustments to petitioners' 1979 through 1985 tax liability. See secs. 6225, 6230(a)(1), 6231(a)(6). On January 10, 1995, respondent issued separate statutory notices of deficiency to petitioners that determined additions to tax for the years 1979 through 1982 attributable to petitioner's partnership interest in Hamilton. The additions to tax are for overvaluation under section 6659 and negligence under section 6653(a)(1) and (2).

In their petition and motion to restrain assessment and collection, petitioners not only contest the additions to tax, but also contest the deficiencies that were assessed by computational adjustment and the section 6621(c) interest. Petitioners' claims are based upon the following assertions: (1) Winer did not have authority to represent Hamilton; (2) the extensions signed by Winer are invalid; (3) the petition filed by Winer is invalid; (4) the period of limitations expired prior to the mailing of the FPAA; (5) petitioners were denied due process because of respondent's and Winer's actions during the TEFRA

proceedings; and (6) respondent's actions during the TEFRA proceedings constituted a fraud upon the Court.

Discussion

The tax treatment of Hamilton was determined at the partnership level pursuant to the TEFRA partnership provisions in sections 6221 through 6233.  The partnership audit provisions provide a unified partnership proceeding for determination of the tax treatment of partnership items separate from and independent of a partner's deficiency proceeding involving nonpartnership items.  See Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648; Brookes v. Commissioner, 108 T.C. 1, 5 (1997); Maxwell v. Commissioner, 87 T.C. 783, 787-788 (1986).  Accordingly, this Court does not have jurisdiction in a partner's personal tax case to redetermine any portion of a deficiency attributable to partnership items.  See sec. 6221; Brookes v. Commissioner, supra at 5; Maxwell v. Commissioner, supra at 788.

A partnership item is defined as any item required to be taken into account for the partnership's taxable year to the extent that the Secretary provides by regulations that the item is more appropriately determined at the partnership level than at the partner level.  See sec. 6231(a)(3); Brookes v. Commissioner, supra at 5; N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 743 (1987).  Partnership items include each partner's

proportionate share of the partnership's aggregate income, gain, loss, deduction, or credit. See sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

An affected item is defined in section 6231(a)(5) as any item to the extent such item is affected by a partnership item. See Brookes v. Commissioner, supra at 5; Crowell v. Commissioner, 102 T.C. 683, 689 (1994). The first type of affected item is a computational adjustment that is made to record the change in a partner's tax liability resulting from the proper treatment of partnership items. See id. Once the partnership level proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a deficiency notice. See sec. 6230(a)(1); Brookes v. Commissioner, supra at 5.

The second type of affected item is one that is dependent upon factual determinations that are made at the individual partner level. See Brookes v. Commissioner, supra at 5. Additions to tax for negligence and valuation overstatement are affected items requiring factual determinations at the individual partner level. See N.C.F. Energy Partners v. Commissioner, supra at 745. Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to those affected items which require partner level determinations.

This Court does not have jurisdiction to redetermine petitioner's liability for deficiencies that were assessed by computational adjustment and for section 6621(c) interest in the context of this affected items proceeding. Petitioner's liability for increased interest under section 6621(c) could be adjudicated only under overpayment jurisdiction, see Barton v. Commissioner, 97 T.C. 548 (1991), and petitioner does not allege an overpayment of such interest. This Court's jurisdiction is provided by statute, and we cannot expand that jurisdiction. See Genesis Oil & Gas, Ltd. v. Commissioner, 93 T.C. 562, 565 (1989). Congress has provided a method by which taxpayers may petition the courts to raise any and all questions pertaining to a partnership action. See id. Within 90 days after the day on which an FPAA is mailed to the TMP, the TMP may file a petition for a readjustment of the partnership items. See sec. 6226(a). If the TMP does not file a readjustment petition with respect to the FPAA, any notice partner may, within 60 days after the close of the 90-day period in which the TMP may file a petition, file a petition for a readjustment of the partnership items.[2]  See sec.

---

[2]   For partnership tax years ending after Aug. 5, 1997, a person who was a partner in such partnership at any time during such year may participate in such action or file a readjustment petition (within the 60-day period that notice partners may file a petition) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to
(continued...)

6226(b)(2).  Congress has determined that this 150-day period is sufficient to protect the redetermination rights of the TMP and any notice partners.  See Genesis Oil & Gas, Ltd. v. Commissioner, supra.  Such rights include the ability to question the timeliness of the FPAA.  See id.  Accordingly, this Court has held that a statute of limitation defense that pertains to the underlying partnership proceeding must be prosecuted at the partnership level, rather than the partner level.  See Crowell v. Commissioner, supra at 693; Genesis Oil & Gas, Ltd. v. Commissioner, supra at 565.  Similarly, we have held that claims amounting to efforts to vacate the decision in the underlying partnership proceeding on the ground of fraud upon the Court cannot be made in a partner level proceeding.  See Brookes v. Commissioner, supra at 8.  Instead, claims of the latter type must be made by motion to vacate at the partnership level or, after the decision has become final, by motion for leave to file such motion.  See id.

Furthermore, although this Court has jurisdiction to redetermine deficiencies and additions to tax, we generally do not have jurisdiction over interest.  See White v. Commissioner,

---

[2]    (...continued)
consider such assertion.  See sec. 6226(d)(1).  Sec. 6226(d)(1) was amended by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1239(b), 111 Stat. 1027, for partnership tax years beginning after Aug. 5, 1997.

95 T.C. 209, 213 (1990) (citing <u>Transport Manufacturing & Equip. Co. v. Commissioner</u>, 434 F.2d 373, 381 (8th Cir. 1970), affg. in part, vacating in part and remanding <u>Riss v. Commissioner</u>, T.C. Memo. 1964-190); see also <u>Barton v. Commissioner</u>, <u>supra</u>. Additional interest under section 6621(c) is an affected item within the meaning of section 6231(a)(5) because it requires a determination at the individual partner level. See <u>id.</u> However, this Court does not have jurisdiction over additional interest in an affected items proceeding because additional interest is not a "deficiency" attributable to an affected item. See <u>id.</u>

Moreover, our jurisdictional incapacity to address petitioners' grievance in the context of this partner level affected items deficiency proceeding does not violate petitioners' rights to due process. See <u>Brookes v. Commissioner</u>, 108 T.C. 1, 7 (1997). Due process requires that taxpayers who may be deprived of property through the assessment and collection of taxes be given an opportunity to be heard. See <u>id.</u> Upon entry of the decision petitioners had 30 days in which to file a motion to vacate the decision. See Rule 162. After 30 days, special leave of the Court is required to file such a motion. See <u>id.</u> Once a decision of this Court becomes final, we may still vacate the decision but only in narrowly circumscribed situations. See <u>Brookes v. Commissioner</u>, <u>supra</u> at 8. Such a situation is presented when fraud is committed upon the Court.

See id.  No party, including petitioners, contested entry of the decision in the underlying partnership proceeding, nor did any party appeal the decision.  The Hamilton decision cannot be vacated in the context of this action.

Lastly, this Court has recently considered facts and issues substantially identical to those that petitioner has raised.  See Davenport Recycling Associates v. Commissioner, T.C. Memo. 1998-347, pending on appeal before the Court of Appeals for the Seventh Circuit.  In Davenport Recycling, we denied a motion to vacate the final decision in a partnership proceeding in which Sam Winer was petitioner.

Consistent with the preceding discussion, we hold that our jurisdiction in this case is limited to redetermining petitioners' liability for the additions to tax set forth in the affected items notice of deficiency and that we lack jurisdiction to consider petitioners' liability for the deficiencies that were assessed by computational adjustment, petitioners' liability for interest computed at the increased rate prescribed by section 6621(c), and petitioners' claims that the underlying partnership proceeding is invalid.  For the foregoing reasons, respondent's motion to dismiss for lack of jurisdiction and to strike the claims relating to the deficiency attributable to partnership items is granted.

Section 6213(a) provides that this Court may enjoin respondent's collection efforts if respondent is attempting to collect amounts that have been placed in dispute in a timely filed petition for redetermination. See Powell v. Commissioner, 96 T.C. 707, 711 (1991). However, this Court does not have jurisdiction in an affected items deficiency proceeding to restrain assessment and collection of computational adjustments attributable to partnership items. See id. The amounts listed as due in the notice of intent to levy represent the balance due from petitioners for the deficiencies that were assessed by computational adjustment and section 6621(c) additional interest. Having decided that we lack jurisdiction to redetermine these items, we must deny petitioners' motion to restrain assessment and collection.

An appropriate order

will be issued.