118 T.C. No. 26


UNITED STATES TAX COURT


ASA INVESTERINGS PARTNERSHIP, ALLIEDSIGNAL, INC., TAX MATTERS
PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27320-96.                    Filed May 22, 2002.


        P filed a motion to redetermine interest under
sec. 7481(c), I.R.C.  R moves to dismiss for lack of
jurisdiction on the basis that a sec. 6215, I.R.C.,
assessment has not been made.

        <u>Held</u>:  Sec. 7481(c), I.R.C., requires that "an
assessment has been made by the Secretary under section
6215".  An assessment under sec. 6215, I.R.C., can only
occur where a notice of deficiency has been issued, a
sec. 6213(a), I.R.C., petition has been filed, and the
Tax Court has redetermined or sustained a deficiency by
a decision that has become final.  The instant case
involves a unified partnership proceeding for the
readjustment of partnership items.  See secs. 6221-
6234, I.R.C.  Deficiencies are not redetermined by Tax
Court decisions in unified partnership proceedings, and
no deficiencies have been redetermined by the Tax Court
in this case.  See <u>ASA Investerings Pship. v.</u>

<u>Commissioner</u>, T.C. Memo. 1998-305, affd. 201 F.3d 505 (D.C. Cir. 2000).  Therefore, we lack jurisdiction to redetermine interest in this case.

<u>Jerome Bernard Libin</u>, <u>Steuart Hill Thomsen</u>, <u>David A. Roby Jr.</u>, <u>Robert S. Chase II</u>, <u>William Sanford Corey</u>, <u>Alexa Temple Dubert</u>, <u>H. Karl Zeswitz Jr.</u>, and <u>Joseph M. Persinger</u>, for petitioner.

<u>Jill A. Frisch</u>, for respondent.


OPINION

RUWE, <u>Judge</u>:  On October 3, 2001, petitioner, AlliedSignal, Inc., filed a motion to redetermine interest under section 7481(c) and Rule 261.[1]  Petitioner claims to have overpaid deficiency interest in the following amounts and for the following tax years:

| Tax Year | Interest |
|----------|----------|
| 1988 | $415,714 |
| 1989 | 2,658,117 |
| 1990 | 17,564,033 |
| 1991 | 0 |
| 1992 | 3,743,091 |
| 1993 | 178,469 |
| 1994 | 1,766,896 |
| 1995 | 6,347,788 |

Respondent filed a notice of objection in which he moves to dismiss petitioner's motion for lack of jurisdiction.  Respondent argues that we lack jurisdiction to redetermine petitioner's

---

[1]All section references are to the Internal Revenue Code in effect at the time of the filing of the motion, and all Rule references are to the Tax Court Rules of Practice and Procedure.

interest because no assessment has been made under section 6215. We agree and hold that we lack jurisdiction to redetermine petitioner's interest.[2]

Generally, this Court does not have jurisdiction over issues involving interest. <u>Bax v. Commissioner</u>, 13 F.3d 54, 56 (2d Cir. 1993), affg. an unpublished order of this Court; <u>Standard Oil Co. v. McMahon</u>, 244 F.2d 11, 13 (2d Cir. 1957). However, Congress has provided the Tax Court with jurisdiction to redetermine interest in certain limited circumstances. Section 7481(c) provides:

> SEC. 7481(c). Jurisdiction Over Interest Determinations.--
>
> (1) In general.--Notwithstanding subsection (a), if, within 1 year after the date the decision of the Tax Court becomes final under subsection (a) in a case to which this subsection applies, the taxpayer files a motion in the Tax Court for a redetermination of the amount of interest involved, then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest or the Secretary has made an underpayment of such interest and the amount thereof.
>
> (2) Cases to which this subsection applies.-- This subsection shall apply where--
>
> (A)(i) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title, and

---

[2]Petitioner has not requested a hearing on the jurisdiction issue which respondent raises in his notice of objection, and we find that this matter is at this time ripe for decision.

(ii) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and

(B) the Tax Court finds under section 6512(b) that the taxpayer has made an overpayment.

(3) Special rules.--If the Tax Court determines under this subsection that the taxpayer has made an overpayment of interest or that the Secretary has made an underpayment of interest, then that determination shall be treated under section 6512(b)(1) as a determination of an overpayment of tax. An order of the Tax Court redetermining interest, when entered upon the records of the court, shall be reviewable in the same manner as a decision of the Tax Court.[3]

We have jurisdiction to redetermine interest under section 7481(c) where: (1) The entire amount of the deficiency plus the entire amount claimed by the Commissioner as interest on the deficiency has been paid; (2) a timely motion to redetermine interest has been filed; and (3) an assessment has been made by the Commissioner under section 6215 which includes interest. See, e.g., Rule 261; Bankamerica Corp. v. Commissioner, 109 T.C.

---

[3]Under sec. 7481(a), a decision of the Tax Court becomes final "after the exhaustion of the possibilities of direct review", and, in general, "such finality precludes any subsequent reconsideration by the tax court". Kenner v. Commissioner, 387 F.2d 689, 690 (7th Cir. 1968), affg. an unpublished order of this Court; see also Hanover Ins. Co. v. United States, 880 F.2d 1503, 1506 (1st Cir. 1989); Taylor v. Commissioner, 258 F.2d 89, 92 (2d Cir. 1958), affg. 27 T.C. 361 (1956). Sec. 7481(c) "specifically carves out an exception to the rule on the finality of our decisions"; a prerequisite for invoking that exception is a final decision of this Court. Bankamerica Corp. v. Commissioner, 109 T.C. 1, 8-9 (1997).

1, 6-7 (1997); <u>Asciutto v. Commissioner</u>, T.C. Memo. 1992-564, affd. 26 F.3d 108 (9th Cir. 1994).[4]

Petitioner bases his motion to redetermine interest on our prior decision in this case. See <u>ASA Investerings Pship. v. Commissioner</u>, T.C. Memo. 1998-305, affd. 201 F.3d 505 (D.C. Cir. 2000). Our prior decision was affirmed by the Court of Appeals for the District of Columbia Circuit, and the U.S. Supreme Court denied certiorari on October 2, 2000, 531 U.S. 871 (2000). Our decision became final on October 2, 2000. Sec. 7481(a)(2)(B). Petitioner mailed its motion to redetermine interest on October 1, 2001; thus, the motion was timely. Sec. 7481(c)(1); Rule 261(a)(2). Petitioner claims, and respondent does not dispute, that it has paid the entire amount of the deficiency plus interest. Accordingly, the only issue in the instant case is whether respondent has assessed a deficiency and interest under section 6215.

---

[4]Sec. 7481(c) was added to the Code by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6246(a), 102 Stat. 3751. On Aug. 5, 1997, the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 788, 1054, revised sec. 7481(c) to provide for the filing of a "motion" rather than a "petition" and to clarify that our jurisdiction includes underpayments of interest by the Commissioner. See H. Conf. Rept. 105-220, at 732-733 (1997), 1997-4 C.B. (Vol. 2) 1457, 2202-2203. Many of our prior opinions, including <u>Bankamerica Corp. v. Commissioner</u>, <u>supra</u>, addressed sec. 7481(c) as originally enacted. However, the same three requirements we identified in the original enactment are still apparent in revised sec. 7481(c), including the requirement that an assessment has been made under sec. 6215.

Our jurisdiction over the issues decided in ASA Investerings Pship. v. Commissioner, supra, was predicated on the issuance of a notice of a final partnership administrative adjustment (FPAA) and a petition for a readjustment of partnership items.[5]  See sec. 6226(a).  Our decision was based on an application of the unified partnership procedures.[6]

Petitioner contends that "there are a number of 'affected items which require partner level determinations' (Code, Section 6230(a)(2)(A)(i)) with respect to which tax and, necessarily, interest must have been assessed as a result of this Court's decision in this matter."  Petitioner points to AlliedSignal's basis in ASA Investerings Partnership and the determination of an appropriate amount of interest expense under section 1.861-8, Income Tax Regs., as affected items that require partner-level determination under section 6230(a)(2)(A)(i).  Petitioner claims that "The assessment(s) with respect to these 'affected items,' pursuant to the provisions of Code, Section 6230(a)(2)(A)(i) of

---

[5]In ASA Investerings Pship. v. Commissioner, T.C. Memo. 1998-305, affd. 201 F.3d 505 (D.C. Cir. 2000), we held that ASA Investerings Partnership was not a valid partnership for tax purposes, and we sustained respondent's reallocation of partnership items from a foreign entity to AlliedSignal, Inc., the tax matters partner in these proceedings.

[6]The unified partnership procedures have been amended since their effective date of Sept. 3, 1982, and those procedures are now contained in secs. 6221 through 6234.

the Code, has occurred under the provisions of Subchapter B of the Code, including Section 6215." We disagree.[7]

It is clear that a section 6215 assessment did not and could not occur in this case. Section 6215 requires a petition filed by the taxpayer with the Tax Court and an amount redetermined as the deficiency by a decision of the Tax Court which has become final.[8] Our jurisdiction to redetermine a deficiency arises only in the case of a valid notice of deficiency and the filing of a timely petition for review under section 6213(a). Savage v. Commissioner, 112 T.C. 46, 48 (1999); Monge v. Commissioner, 93 T.C. 22, 27 (1989).[9]

---

[7]The mere prospect, assuming one does exist here, of a sec. 6215 assessment's being made is not sufficient to confer jurisdiction upon this Court for purposes of sec. 7481(c). Sec. 7481(c)(2)(A)(i) requires that "an assessment has been made", not "will be made" or "should have been made". A motion to redetermine interest which is based on the mere prospect of a sec. 6215 assessment would be premature.

[8]Sec. 6215 provides:

SEC. 6215(a). General Rule.--If the taxpayer files a petition with the Tax Court, the entire amount redetermined as the deficiency by the decision of the Tax Court which has become final shall be assessed and shall be paid upon notice and demand from the Secretary. No part of the amount determined as a deficiency by the Secretary but disallowed as such by the decision of the Tax Court which has become final shall be assessed or be collected by levy or by proceeding in court with or without assessment.

[9]Sec. 6230(a)(2)(A)(i) does not discharge the necessary requirements that must exist for the deficiency procedures to apply, and, indeed, that provision incorporates subch. B (subtit. F, ch. 63 of the Code) in its entirety.

In the instant case, no notice of deficiency was issued. In the absence of a notice of deficiency, we did not and, indeed, could not have redetermined or sustained a deficiency determination made by respondent. See Saso v. Commissioner, 93 T.C. 730, 735 (1989) ("If we are to redetermine a deficiency, our jurisdiction is dependent upon the issuance of a notice of deficiency."). It follows that a section 6215 assessment could not have been made in this case since that Code section contemplates a redetermination of a deficiency by the Tax Court.

Petitioner, in its capacity as the tax matters partner of ASA, did file a petition with the Tax Court. However, that petition was filed pursuant to section 6226(a), not section 6213(a). A petition filed pursuant to section 6226(a) is termed "a petition for a readjustment of the partnership items". A petition filed pursuant to section 6213(a) is termed "a petition with the Tax Court for a redetermination of the deficiency". Section 6215(a) refers specifically to "the entire amount redetermined as the deficiency by the decision of the Tax Court". We interpret section 6215(a) to refer exclusively to a petition filed under section 6213(a) and a decision that was entered pursuant to the deficiency procedures contained in sections 6211-6216.

Our deficiency procedures do not extend to the adjustment of partnership items or to deficiencies attributable to

computational adjustments.[10]  We cannot redetermine deficiencies under section 6226.[11]  See, e.g., Maxwell v. Commissioner, 87 T.C. 783, 787 (1986).  Our prior decision in this case, ASA Investerings Pship. v. Commissioner, T.C. Memo. 1998-305, was not a decision which we made under the deficiency procedures.  And, deficiencies which are attributable to computational adjustments are assessed under the general assessment authority of section

---

[10]Respondent claims that as a result of the partnership-level proceeding, he has made certain computational adjustments against petitioner.  A computational adjustment is defined as "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item."  Sec. 6231(a)(6).  "A computational adjustment includes any interest due with respect to any underpayment or overpayment of tax attributable to adjustments to reflect properly the treatment of partnership items."  Sec. 301.6231(a)(6)-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6791 (Mar. 5, 1987).  Our deficiency procedures generally do not apply to the assessment or collection of a computational adjustment, sec. 6230(a)(1), and a notice of deficiency need not be issued, White v. Commissioner, 95 T.C. 209, 211-212 (1990).  However, under sec. 6230(a)(2)(A)(i), our deficiency procedures do apply with respect to any deficiency attributable to affected items which require partner-level determinations.

[11]See sec. 6226(f), which provides:

SEC. 6226(f).  Scope of Judicial Review.--A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

6201(a), not section 6215.  Brookes v. Commissioner, 108 T.C. 1, 9-10 (1997).[12]

We hold that we do not have jurisdiction under section 7481(c) to review petitioner's motion to redetermine interest.

An appropriate order

will be entered.

––––––––––––––––––––––

[12]Whether the computational adjustments were in fact made with respect to affected items requiring partner-level determinations, as petitioner contends, is not a matter that we can decide absent a proper jurisdictional basis for review.  We recognize that the import of our decision is that we are unable to "reopen" a prior unified partnership proceeding under sec. 7481(c) and to redetermine interest attributable to a computational adjustment deficiency.  However, the conference agreement with respect to the 1997 revision of sec. 7481(c) states:

> In clarifying the Tax Court's jurisdiction over interest determinations, the conferees do not intend to limit any other remedies that taxpayers may currently have with respect to such determinations, including in particular refund proceedings relating solely to the amount of interest due.  [H. Conf. Rept. 105-220, at 733 (1997), 1997-4 C.B. (Vol. 2) 1457, 2203.]

For example, respondent suggests that the refund claim procedures for challenging erroneous computational adjustments, sec. 6230(c), are the appropriate forum for challenging the computational adjustments in this case.