John S. THOMAS, Bobbie
J. Thomas, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civil Action No. 1:96–CV–114–JTC.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 18, 1997.

William J. White, William J. White & Associates, Atlanta, GA, for John S. Thomas, Bobbie J. Thomas.

James Randolph Schulz, Office of U.S. Attorney, Northern District of Georgia, Atlanta, GA, Steven M. Webster, U.S. Dept. of Justice, Tax Division, Washington, DC, pro hac vice, for U.S.

## ORDER

CAMP, District Judge.

This action is before the Court on Defendant's Motion to Dismiss [# 6–1], or Alternatively, for Summary Judgment [# 6–2].

## I. BACKGROUND

Plaintiffs were partners in the White Sands Mall Associates partnership ("White Sands" or the "Partnership") during 1985, 1986, and 1987. White Sands was one of a number of similar partnerships that were audited by the Internal Revenue Service in a group audit project for the three years. For the subject years, White Sands had approximately 123 partners.

In accordance with the Tax Equity and Fiscal Responsibility Act ("TEFRA") provisions under the Internal Revenue Code, a Final Partnership Audit Adjustment ("FPAA") for White Sands for each year, 1985, 1986, and 1987, was issued by the IRS on August 26, 1991. As partners, Plaintiffs were mailed copies of the White Sands' FPAAs with respect to each year on August 26, 1991. Plaintiffs owned more than one percent of the Partnership, and therefore Plaintiffs were notice partners entitled to file a petition for readjustment. However, no petition for readjustment of partnership items under TEFRA was filed to judicially challenge the FPAAs.

The tax effects of the FPAAs, including tax, interest, and penalties, were assessed against the respective partners. Plaintiffs paid the assessed items for each year. Plaintiffs then filed refund claims with the IRS for each year on July 19, 1995, alleging that the limitations period for assessing taxes related to White Sands had not been extended and had therefore expired. The IRS denied the

refund claims. Plaintiffs then filed suit in this Court.

## II. DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss this action under Fed.R.Civ.P. 12(b)(1), for lack of subject-matter jurisdiction, and under Fed. R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. According to Defendant, Plaintiffs seek the review of a "partnership item," which is impermissible under TEFRA.

TEFRA provides that, "No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c)." 26 U.S.C. § 7422(h). The Parties do not dispute that sections 6228(b) and 6230(c) do not apply to the instant case. Section 6231(a)(3) defines a "partnership item" as:

> with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

26 U.S.C. § 6231(a)(3).

Plaintiffs argue that limitations are not provided for in subtitle A, entitled "Income Taxes", but by subtitle F, entitled "Procedure and Administration", and therefore limitations periods are not partnership items for purposes of sections 6231(a)(3) or 7422(h). Plaintiffs argue that Congress made a specific choice to permit suits based on limitations periods because limitations periods are individual items, which can be different for each partner.

Defendant argues that Plaintiffs should not be permitted to assert a statute of limitations defense in this forum as it pertains to the FPAAs and therefore should have been prosecuted within the context of a partnership level proceeding. The Court agrees.

 "The purpose of TEFRA is to provide consistency and reduce duplication in the treatment of partnership items by requiring that they be determined in a single unified proceeding at the partnership, rather than the partner, level." *Slovacek v. United States*, 36 Fed. Cl. 250, 254, 1996 WL 442659, at *4 (Aug. 2, 1996); *see also*, H.R. Conf. Rep. No. 97–760, at 599–600 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1190, 1371–72. Although it is true that an individual partner may indeed extend the statute of limitations for his own return, see 26 U.S.C. § 6229(b)(1)(A), the determination of whether a partnership itself has extended the limitations period affects each partner alike, and is precisely the type of item for which the TEFRA "partnership item" provisions were enacted. To hold otherwise would risk the inconsistency and duplication of litigation which TEFRA seeks to avoid. Any extension negotiated between the IRS and a partnership could be challenged by each individual partner. Perhaps for this reason every other forum which has faced this argument has reached the same conclusion as the Court today. *See, e.g., Slovacek*, 36 Fed. Cl. at 254–56, 1996 WL 442659, at *4–6; *Crowell v. Commissioner of Internal Revenue*, 102 T.C. 683, 693, 1994 WL 151303 (1994); *Saso v. Commissioner of Internal Revenue*, 93 T.C. 730, 734–35, 1989 WL 151911 (1989).

Because the Court concludes that Plaintiffs seek to litigate a partnership item, the Court lacks jurisdiction over this action under 26 U.S.C. § 7422(h). Defendant's Motion to Dismiss is hereby **GRANTED.**

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Because this Court grants Defendant's Motion to Dismiss, Defendant's Motion for Summary Judgment is **DENIED** as moot.

## IV. SUMMARY

Defendant's Motion to Dismiss [# 6–1] is **GRANTED.** Defendant's Motion for Summary Judgment [# 6–2] is **DENIED** as moot. This action is **DISMISSED.** The Clerk shall enter judgment accordingly.