John E. CLARK and Catherine P. Clark, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. Civ.A.1:98CV1425JOF.

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 21, 1999.

James Alan Gober, Arnall, Golden & Gregory, Atlanta, GA, Stuart A. Smith, New York City, for plaintiffs.

James Randolph Schulz, Assistant United States Attorney, Atlanta, GA, Michael N. Wilcove, U.S. Department of Justice Tax Division, Washington, D.C., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on Defendant's partial motion to dismiss or, in the alternative, partial motion for summary judgment [8–1, 8–2] and both Defendant's and Plaintiffs' motions to supplement [13–1, 15–1].

## I. Statement of the Case

Plaintiffs John E. Clark and Catherine P. Clark brought the instant action against the United States for recovery of federal income tax and interest which they assert was illegally assessed and collected for calendar years 1979, 1980, 1982, 1983, 1984, and 1985.

### A. *Background*

Plaintiffs allege the following facts in support of their complaint. In 1982, Plaintiff John E. Clark purchased an interest in a limited partnership known as Masters Recycling Associates ("Masters") which was subject to the partnership audit procedures enacted through the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. 97–248, 96 Stat. 324 (1982), codified as sections 6221 through 6233 of the Internal Revenue Code ("Code"), 26 U.S.C. §§ 6221–6233. Plaintiff purchased the limited partnership interest in Masters upon the recommendation of his investment counsel, an attorney, upon whom he relied for legal, financial, and tax advice. Plaintiff's counsel explained that Masters involved plastic recycling equipment that would be eligible for both an "investment tax credit" and a "business energy credit." Plaintiff also understood from his counsel's representations that Masters would pay royalties to the limited partners that would be earned from the sale of recycled pellets. Plaintiff was told that his investment counsel had recommended the investment in Masters to his other clients.

Plaintiff discussed the investment in Masters with a tax attorney. After reviewing the matter along with the comprehensive opinion of tax counsel, the tax attorney concluded that Plaintiff would be eligible for the tax benefits promised by Plaintiff's original investment counsel. In reliance on this investment advice, Plaintiff John E. Clark purchased a partial unit in Masters for $25,000.

On their 1982 joint tax return, Plaintiffs claimed a deduction for advance rentals in the amount of $19,615, an investment tax credit of $15,517, and a business energy credit of $15,517. They thereby reduced their tax liability in the amount of $39,669. Plaintiffs carried back the excess credits to their 1979 and 1980 returns and forward to their 1983, 1984 and 1985 returns.

At times relevant to these events, Sam Winer was the promoter and tax matters partner ("TMP") of various recycling partnerships, including Masters. On August 17, 1984, at the request of the District Counsel of the IRS in Jacksonville, Florida, the United States filed a complaint, pursuant to 26 U.S.C. § 7408, against Winer and Winer Development Corporation in the United States District Court for the Middle District of Florida. The Government alleged that Winer had organized and promoted various abusive shelters, including Masters, and had made gross valuation overstatements in connection with Masters. The Government asked for an injunction preventing Winer from representing Masters on behalf of its partners and from engaging in the marketing of recycling partnerships. Winer consented to the entry of the requested injunction, and on February 18, 1986 the Florida district court entered a final order enjoining Winer from taking any action to organize, promote, or sell tax shelters or from representing that any limited partner was enti-

tled to federal income tax deductions or credits regarding Masters' property. The court also required Winer to resign as TMP for Masters and to waive his right to intervene in any court proceeding as TMP for Masters. Winer thereafter resigned as TMP of Masters and sent each partner a notice letter setting forth the terms of the injunction and announcing his resignation.

The Government's demands regarding Winer's resignation were made by Alice Davis of the Tax Division of the United States Department of Justice. The notice letter sent by Winer to the limited partners of Masters was drafted in substantial part by Davis. Davis also selected E.B.A. Investment Co. ("E.B.A."), one of the limited partners of Masters, to serve as TMP for Masters. The letter sent by Winer to the partners of Masters explained that E.B.A. would serve as the substitute TMP for Masters. However, neither Winer nor any other partner of Masters was consulted by Davis with respect to the replacement of the TMP or the appointment of E.B.A. Further, despite the appointment of E.B.A. as TMP, E.B.A. never accepted the office, performed any functions as TMP or dealt with any partner or with the Government on behalf of the partnership.

The IRS eventually attempted to reinstate Winer as TMP for Masters to facilitate its processing of tax claims against the partners and the partnership under the TEFRA audit rules. On August 11, 1986, the Government and Winer filed a "joint motion for specific relief from final judgment of permanent injunction" with the district court requesting that Winer be permitted to act as TMP for "some recycling services" for the purpose of "providing administrative services." Plaintiffs contend that Winer agreed to the reappointment under the belief that he was compelled to do so, without knowledge of his duties as TMP, and under the duress of the Government.

On September 17, 1986, the Florida district court granted the motion and ordered that Winer act as TMP for the purpose of providing administrative services. Plain-

tiffs allege that the text of the Order signed by the Florida district court was drafted by Davis, and that the Order was agreed to by the court in an *ex parte* proceeding of which neither E.B.A. nor any other limited partners of Masters were informed. Neither Winer, the Government, nor the IRS informed the limited partners of Masters or E.B.A., the substitute TMP, of the existence or outcome of the proceeding. Plaintiffs contend that through these acts the Government assumed practical control over Masters to the detriment of its limited partners.

Plaintiffs contend that because the Order endorsed by the Florida district court reinstated Winer solely for the purpose of providing administrative services, it did not authorize Winer to sign any IRS consent forms, specifically Forms 872–P, which extend the statute of limitations within which the IRS may issue a final partnership administrative adjustment ("FPAA") to a partnership. Plaintiffs claim that despite his limitations, Winer signed such forms on behalf of Masters upon request by the IRS.

The IRS sent a final partnership administrative adjustment solely to Winer on behalf of all partners of Masters which effected a drastic readjustment of Masters' income and deductions. Plaintiffs contend that this act of the IRS was in error, because once Winer resigned as TMP of Masters on February 18, 1986, he no longer had any authority to sign Forms 872–P on behalf of Masters, to represent Masters in its dealings with the IRS, or to represent Masters in any court proceeding involving Masters' taxable income and deductions. Plaintiffs argue that the IRS's issuance of an final partnership administrative adjustment to Winer for the purpose of determining adjustments in income deductions for Masters for years 1982, 1983, 1984 and 1985 was barred by the statute of limitations because Winer was without authority to sign forms extending the limitations period.

On July 21, 1989, Winer petitioned the United States Tax Court purportedly on behalf of Masters as TMP of Masters and thereby represented that he was authorized to seek a redetermination of the adjustment made against Masters in the final partnership administrative adjustment issued by the IRS for tax years 1982, 1983, 1984 and 1985. Plaintiffs contend that Winer's representation was in direct violation of the Florida district court order in which Winer waived his right to intervene in any court proceeding as TMP on behalf of Masters. In response to Winer's petition, the IRS District Council in Boston, Massachusetts filed an answer in the Tax Court. Plaintiffs allege that the IRS attorneys knew of the injunction issued by the Florida district court and knew that Winer was actually acting as an agent of the Government and not in the interests of Masters and its partners. Plaintiffs claim that despite this knowledge, the IRS attorneys failed to inform the Tax Court of these facts and instead pursued the case as if Masters was properly represented.

The IRS thereafter filed in Tax Court a motion for entry of decision pursuant to the Tax Court Rules of Practice and Procedure Rule 248(b) representing that Winer had entered into a settlement agreement with the IRS. Plaintiffs complain that the motion did not disclose the restraints on Winer's authority as TMP, the existence of E.B.A. as substitute TMP, the Florida district court's Order restricting Winer's representative powers, or the lack of fiduciary relationship between Winer and the Masters partners. Plaintiffs allege that the IRS attorneys knew that Winer was not a proper representative of Masters because the Government had requested the limitations on Winer's authority and had conferred frequently with the attorneys who appeared in the case before the district court in Florida but did nothing to disclose these facts to the Tax Court.

On February 23, 1994, the Tax Court issued a decision resolving all the issues relating to Masters' income for tax years 1982, 1983, 1984 and 1985.

B. *Tax Assessments*

During 1995, the IRS assessed additional taxes against Plaintiffs for tax years 1979, 1980, 1982, 1983, 1984 and 1985 in the following amounts: (1) $5,601 for 1979; (2) $6,239 for 1980; (3) $39,669 for 1982; (4) $4,244 for 1983; (5) 194 for 1984; and (6) $70 for 1985, along with interest on each amount. In 1995, Plaintiffs paid the IRS $56,017 plus interest, for a total sum of $155,873.58.

On January 23, 1996, Plaintiffs filed Forms 1040X with the IRS Center at Chamblee, Georgia for a refund of taxes paid for 1979, 1980, 1982, 1983, 1984 and 1985. In a letter dated May 23, 1996, the IRS denied Plaintiffs' request for refund.

By notices of deficiency issued in 1995, the IRS determined that Plaintiffs were liable for additions to tax for negligence and valuation overstatement pursuant to 26 U.S.C. §§ 6653(a) and 6659 for tax years 1979, 1980, 1982 and 1983 in the following amounts: (1) $9,853.97 for 1979; (2) $10,976.41 for 1980; (3) $70,357.30 for 1982; and (4) $1,092.26 for 1983. Plaintiffs paid the IRS these amounts, plus interest in the amount of $23,879.39.

On January 23, 1996, Plaintiffs filed a Form 843 claim for refund with the IRS Center at Chamblee, Georgia for a refund of illegally assessed additions to taxes paid in the amount of $111,259.73 along with interests and costs. The IRS denied Plaintiffs' claim in a letter dated May 23, 1996.

C. *Plaintiffs' Contentions and Requests for Relief*

Plaintiffs contend that the Tax Court was without authority to issue an opinion binding on any of the partners of Masters other than Winer because they were not properly represented before the court. Plaintiffs conclude that the tax assessments against them, which rest upon the validity of the Tax Court's decision, are time barred and without force and effect. Plaintiffs therefore seek a refund of tax

plus statutory interest assessed for tax years 1979, 1980, 1982, 1983, 1984 and 1985. In addition, Plaintiffs assert that assessments made against them for negligence and valuation overstatement were also time barred. Specifically, they claim that the IRS issued its final partnership administrative adjustment to Masters for years 1982, 1983, 1984 and 1985 after the applicable statute of limitations. As a result, Plaintiffs claim that they are not liable for any additions to tax arising as a result of the investment in Masters and seek refunds of the amounts paid for such additions.

Plaintiffs raise various arguments in the alternative concerning their tax liability. First, they contend that the Tax Court did not find Masters to have been engaged in a tax-motivated transaction within the meaning of 26 U.S.C. § 6621(c)(3) and that therefore there was no basis for imposition of a penalty rate of interest pursuant to 26 U.S.C. § 6621(c). Plaintiffs rely upon other Tax Court decisions based upon facts allegedly similar to those of the instant case in which the court found the increased rate of interest of 26 U.S.C. § 6621(c) not to apply. Based upon these decisions, Plaintiffs contend that the penalty rate of interest was wrongfully assessed and should be refunded.

Next, Plaintiffs contend that the resignation of Winer as TMP for Masters and the IRS's failure to follow the mandate of the applicable regulations in selecting and dealing with the substitute TMP and attempting to reinstate Winer resulted in the imposition of excessive interest against them beginning February 18, 1986. Plaintiffs seek abatement of this amount of interest pursuant to 26 U.S.C. § 6404(e).

Third, Plaintiffs claim that because the IRS actively aided and required Winer to violate his fiduciary duties to Masters for its own benefit, it is estopped from collecting taxes, interest and penalties assessed with the consent of Winer as TMP. Plaintiffs assert that Winer was the de facto agent of the Government rather than a proper agent of the Masters partners.

Fourth, Plaintiffs contend that the negligence penalty assessments made pursuant to 26 U.S.C. § 6653(a) were invalid under applicable case law. They argue that the assessments were made in error because Plaintiff John E. Clark relied upon the advice of professionals in making his investment in Masters and thereby did not commit negligence or intentionally disregard the rules or regulations in claiming various deductions or credits arising from his investment in Masters. Finally, Plaintiffs contend that the assessment for valuation overstatement under 26 U.S.C. § 6659 should not have been assessed because there was a reasonable basis for the valuation claimed on their return and the valuation was made in good faith.

In sum, Plaintiffs claim that they overpaid their income taxes for years 1979, 1980, 1982, 1983, 1984 and 1985 in the amount of $56,017 and overpaid penalties for the year 1982 in the amount of $92,279.94. Plaintiffs therefore demand judgment in their favor in the amount of $148,296.94 plus interest in the amount of $179,752.97 for a total of $328,049.91 plus interest. They also seek recovery of their reasonable administrative costs and attorneys' fees pursuant to 26 U.S.C. § 7430.

## II. Discussion

Defendant filed a partial motion to dismiss, or in the alternative a partial motion for summary judgment, on December 14, 1998.[1] Defendant first contends that this court lacks subject matter jurisdiction over Plaintiffs' claims for refund of taxes and penalties under 26 U.S.C. § 7422(h). Next, Defendant argues that this court lacks subject matter jurisdiction over Plaintiffs' claim for abatement of interest under 26 U.S.C. § 6404(e). Third, Defendant asserts that Plaintiffs have failed to state a claim for refund of the penalty rate of interest pursuant to 26 U.S.C.

---

1. Defendant's motion to supplement its motion [13–1] is GRANTED. Plaintiff's motion to supplement its response [15–1] is also GRANTED.

§ 6422(c)(2). Finally, Defendant contends that Plaintiffs have failed to state a cause of action under the doctrine of estoppel. Defendant seeks partial dismissal of Plaintiffs' complaint on the basis of these alleged deficiencies.

The instant case is in large part governed by provisions of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. 97–248, 96 Stat. 324 (1982). Before turning to the merits of Defendant's motion to dismiss, the court will highlight the relevant TEFRA provisions.

### A. TEFRA

 Taxation of partnerships is generally conducted at the individual partner level rather than the partnership level, with the effect that income and expenses of a partnership generally "flow through" to the partners, who are responsible for their share of taxes owed by the partnership as a whole. Recognizing the administrative difficulty with determining tax liability on an individual basis in some cases, Congress enacted TEFRA in 1982. Title IV of TEFRA contains the Tax Treatment of Partnership Items Act of 1982 ("TTPIA"), Pub.L. 97–248, §§ 401–406, 96 Stat. 324 (1982), which is codified at 26 U.S.C. §§ 6221–6233. "The principal purpose of TEFRA is to provide consistency and reduce duplication in the treatment of partnership items by requiring that they be determined in a single unified proceeding at the partnership, rather than the partner, level." *Slovacek v. United States,* 36 Fed.Cl. 250, 254 (*citing* H.R.Conf.Rep. No. 760, 97th Cong., 2d Sess. 599–600 (1982), *reprinted in* U.S.C.C.A.N. 1190, 1371–72).

TEFRA provides[2] that the "tax treatment of any partnership item shall be determined at the partnership level." 26 U.S.C. § 6221 (1982). The term "partnership item" is defined as "mean[ing], with respect to a partnership, any item required to be taken into account for the partnership's taxable year ... to the extent regulations prescribed by the Secretary provide that, for the purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3). Treasury Regulations promulgated under § 6231 provide specific items which are "more appropriately determined at the partnership level than at the partner level and, therefore, are partnership items." 26 C.F.R. § 301.6231(a)(3)–1(a). Some of these include the "partnership aggregate and each partner's share of ... [i]tems of income, gain, loss, deduction, or credit of the partnership." § 301.6231(a)(3)–1(a)(1)(i). A "nonpartnership item" is simply defined as that "which is (or is treated as) not a partnership item." § 6231(a)(4).

The tax matters partner under TEFRA is charged with representation of the partnership in various ways. The term "tax matters partner" is defined as:

> (A) the general partner designated as the tax matters partner as provided in the regulations, or

> (B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).

> If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner.

26 U.S.C. § 6231(a)(7) (1982).

After a partnership files its return for a particular tax year, the IRS may begin an administrative proceeding in order to make adjustments to the return. TEFRA requires that the Secretary give notice to

---

**2.** Certain provisions of §§ 6221–6233 were amended for partnership tax years ending after August 5, 1997. All references to TEFRA in this Order are to provisions in effect before the 1997 amendments.

all partners of both the "beginning of an administrative proceeding at the partnership level" and "the final partnership administrative adjustment resulting from any such proceeding." 26 U.S.C. § 6223(a). If the Secretary fails to provide such notice, and either "the period within which a petition for review of a final partnership administrative adjustment ... may be filed has expired and no such petition has been filed," or "the decision of a court in an action begun by such a petition has become final," the partner may elect to accept the adjustment or decision or may agree to a settlement. § 6223(e)(2). If the partner does not choose to make such an election, the partnership items of that partner are treated as "nonpartnership items." *Id.* If the proceedings are still going on at the time the partner discovers that the Secretary failed to provide notice as required under TEFRA, that partner becomes a party to the proceeding unless he elects to enter into a settlement agreement or have his partnership items treated as nonpartnership items. § 6223(e)(3).

TEFRA prohibits the assessment of a deficiency attributable to any partnership item prior to the expiration of a period of 150 days after the day upon which notice of a final partnership administrative adjustment was mailed to the TMP and, if a proceeding has been begun in Tax Court, until the decision of that court becomes final. 26 U.S.C. § 6225(a). There is also a general three-year statute of limitations applicable to the making of assessments. TEFRA provides:

> the period for assessing any tax ... with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of:
>
> (1) the date on which the partnership return for such taxable year was filed, or
>
> (2) the last day for filing such return for such year (determined without regard to extensions).

26 U.S.C. § 6229(a). This three-year period may be extended, either as to any individual partner or as to the partnership as a whole, by either agreement between the Secretary and the partner, or by an agreement entered into between the Secretary and the TMP or any other person authorized by the partners to enter into such an agreement. § 6229(b). Any agreement extending that limitations period must be reached before the expiration of the period. *Id.*

The three-year period of limitations is also suspended where the Secretary makes an administrative adjustment as to a partnership. TEFRA provides:

> If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a) (as modified by other provisions of this section) shall be suspended—
>
> (1) for the period during which an action may be brought under section 6226 (and, if an action with respect to such administrative adjustment is brought during such period, until the decision of the court in such action becomes final), and
>
> (2) for 1 year thereafter.

§ 6229(d).

A partner may seek judicial review of final partnership administrative adjustments under certain circumstances. The TMP may file, with either the Tax Court, the United States District Court, or the Court of Federal Claims, a petition for readjustment of the partnership items within 90 days after the day upon which notice of the final partnership administrative adjustment is mailed to him. 26 U.S.C. § 6226(a) (1982). If the TMP does not file a petition within this 90–day time period, any notice partner may file such a petition within 60 days of the close of the original 90–day period. § 6226(b)(1). If an action is brought under this provision of TEFRA with respect to a partnership for any taxable year, "each person who was a partner in such partnership at any time

during such year shall be treated as a party to such action," and the court hearing the action is instructed to permit such partners to participate in the action. § 6226(c). Further, any determination by a court under this provision of TEFRA is to be treated as a final decision of the Tax Court, District Court or Court of Federal Claims and is reviewable as such. § 6226(g).

Finally, TEFRA contains a provision codified in the Code provision allowing for a civil action for refund, 26 U.S.C. § 7422. Subsection (h) of that section states: "No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or 6230(c)." 26 U.S.C. § 7422(h).[3]

## B. *Refund of Taxes and Penalties*

### 1. *Refund of Tax Assessment*

In its motion to dismiss, Defendant first claims that this court lacks subject matter jurisdiction over Plaintiffs' claim for refund of taxes under 26 U.S.C. § 7422(h). Section 7422, entitled "civil actions for refund," states in part that "[n]o action may be brought for a refund attributable to partnership items . . . ." 26 U.S.C. § 7422(h). As explained below, upon review of the language of the statute and relevant case law, the court agrees with Defendant that § 7422(h) deprives this court of subject matter jurisdiction to refund taxes assessed against Plaintiffs as a partner in Masters.

Plaintiffs assert two bases for their claim for refund of taxes assessed against them. They first contend that Winer was without authority to sign Forms 872–P and thereby extend the three-year statute of limitations for tax assessment under TEFRA. They also assert that Winer was without authority to represent the partnership before the Tax Court in its proceedings beginning in July 1989 and ending

with the Tax Court decision issued February 23, 1994. They contend that Winer's improper representation of Masters through these acts renders the decision of the Tax Court without force and effect and the IRS's assessment of taxes illegal. Plaintiffs accordingly seek refunds of the amounts assessed against them by virtue of their status as a partner in Masters. Defendant contends that this court is precluded from hearing either argument by 26 U.S.C. § 7422.

### a. *Statute of Limitations*

■ The Middle District of Florida recently considered an issue practically identical to that raised by Plaintiffs, that Winer was without authority to consent to an extension of the TEFRA three-year statute of limitations on behalf of Masters. In *Barnes v. United States*, 1997 WL 732594 (M.D.Fla.1997) (Conway, J.), *aff'd*, 158 F.3d 587 (11th Cir.1998), a taxpayer brought an action for refund of taxes assessed against him as a limited partner in Davenport Recycling Associates, a partnership also subject to TEFRA auditing rules. Sam Winer also acted as TMP for Davenport from its inception through February 18, 1986, at which time the same injunction cited by Plaintiffs in the instant case was issued by a Florida district court, prohibiting Winer from representing Davenport or its partners in any court proceeding. *Id.* at *1. A substitute TMP was appointed following Winer's resignation. *Id.* Subsequent to Winer's removal, the Government moved that Winer be reinstated for the purpose of providing "administrative services" to Davenport. *Id.* The Government conducted an audit of Davenport and then issued a final partnership administrative adjustment which disallowed certain deductions and credits which Davenport had reported on its tax returns for tax years 1982 through 1985. After his reinstatement as TMP, Winer agreed to

---

**3.** Section 6228 provides for judicial review where a partner's administrative adjustment request, brought pursuant to § 6227, is not allowed in full. 26 U.S.C. § 6228. Section 6230, entitled "additional administrative provisions," provides for "claims arising out of erroneous computations, etc." 26 U.S.C. § 6230(c).

several extensions of the three-year statute of limitations under TEFRA. *Id.* at *2. After receiving the final partnership administrative adjustment, Winer filed suit in the Tax Court seeking redetermination of the adjustments set forth in the final partnership administrative adjustment. The Tax Court issued a decision sustaining the final partnership administrative adjustment and disallowing Davenport's credits and deductions on February 23, 1994. *Id.* Following the Tax Court's decision, the IRS assessed taxes and penalties against the Davenport partners.

The court in *Barnes* addressed the same argument raised by Defendant in the instant case, that the federal district court is without jurisdiction to hear a claim for refund of taxes assessed against the partners under 26 U.S.C. § 7422(h). The plaintiffs in *Barnes* argued in response that the taxes and penalties assessed against them were time barred because Winer had resigned as TMP and had no authority beyond February 18, 1986 to consent to an extension of the three-year statute of limitations. *Id.*

The *Barnes* court relied upon a decision of the Court of Federal Claims in which it was determined that the statute of limitations is a "partnership item" within the meaning of § 7422(h). *Id.* at *3, *citing* *Slovacek v. United States*, 36 Fed.Cl. 250 (1996). The court reasoned that "[t]he determination of whether a partnership itself has extended the limitations period affects each partner alike, making it the type of item for which the TEFRA 'partnership item' provisions were enacted." *Id.* at *3. The court in *Barnes* concluded that under 26 U.S.C. § 7422(h) it did not have jurisdiction to hear the plaintiffs' claims for refund of taxes, as they were assessed on the basis of a partnership item. *Id.* at *4. It advised the plaintiffs that their arguments regarding Winer's alleged lack of authority would be more properly raised to the Tax Court in a motion for post-judgment relief or to the Court of Appeals. *Id.*

The Eleventh Circuit affirmed the decision reached in *Barnes* without discussion. *See Barnes v. United States*, 158 F.3d 587 (11th Cir.1998). Other courts considering similar issues have also reached the same conclusion that 26 U.S.C. § 7422(h) bars district court review of the IRS assessment of taxes attributable to partnership items, specifically the TEFRA statute of limitations. *See Thomas v. United States*, 967 F.Supp. 505, 506·(N.D.Ga.1997) (Camp, J.) (finding that statute of limitations under TEFRA was a "partnership item" and therefore that 26 U.S.C. § 7422(h) deprived the court of jurisdiction over action for refund of taxes); *Kaplan v. United States*, 133 F.3d 469, 473–74 (7th Cir.1998) (rejecting taxpayers' contention that statute of limitations challenge does not qualify as a "partnership item" and holding that § 7422(h) barred action); *Williams v. United States*, 165 F.3d 30, 1998 WL 537579, at *3–4 (6th Cir.1998); *Crowell v. Commissioner*, 102 T.C. 683, 693, 1994 WL 151303 (1994); *Slovacek*, 36 Fed.Cl. at 254–56; *Chimblo v. Commissioner*, 177 F.3d 119, 125 (1999).

Despite the ruling in *Barnes* and the holdings of those cases cited above, Plaintiffs argue that § 7422(h) should not be applied to bar their action because Winer was operating under a conflict of interest while serving as TMP for Masters and therefore was without authority to consent to an extension of the three-year statute of limitations. Plaintiffs rely on *Transpac Drilling Venture v. Commissioner*, 147 F.3d 221 (2nd Cir.1998), where the Second Circuit reversed the ruling of the Tax Court on appeal and held that, under the facts of that case, TMPs operating under a conflict of interest did not have the authority to bind the partnership. *Id.* at 221. In *Transpac*, the TMPs of several limited partnerships were under investigation for possible criminal activity when the IRS sought their consent to extend the TEFRA three-year statute of limitations for the filing of final partnership administrative adjustments. *Id.* at 224. The partners bringing suit in *Transpac* argued that the

TMPs were operating under a conflict of interest due to the ongoing criminal investigation in which they were involved, and therefore faithful execution of their fiduciary duties as TMPs was precluded. *Id.* The court agreed that a fiduciary relationship clearly existed between the TMPs and the partnership and then concluded on the facts of that case that the incentive of the TMPs to cooperate with the Government was apparent and that a severe conflict of interest was obvious. *Id.* at 225–27. The court therefore held the Tax Court's finding that the TMPs had validly extended the TEFRA statute of limitations to have been in error. *Id.* at 229.

Plaintiffs assert that the Government's forced resignation of Winer as TMP and its imposition of substantial promoter penalties against Winer created a conflict of interest which rendered Winer unable to carry out his duties as TMP in a proper manner. Plaintiffs argue that principles of due process underlie the position of TMP, and these principles were offended when the Government removed Winer but then sought through covert methods to have him reinstated.

The court cannot agree with Plaintiffs' logic. The flaw in Plaintiffs' argument lies in the procedural posture of the instant case as contrasted with that in *Transpac.* The *Transpac* case was before the Second Circuit on direct appeal from the Tax Court in accordance with the TEFRA procedures for judicial review. In contrast, Plaintiffs in the instant case seek to invoke an independent basis of subject matter jurisdiction in this court despite the language of 26 U.S.C. § 7422(h). Although the court may agree with Plaintiffs that there may be an appearance of impropriety in Winer's reinstatement and subsequent authorization of statute of limitations extensions to the alleged detriment of Masters, the court is bound by the clear limit of its jurisdiction as set forth in 26 U.S.C. § 7422(h).

■ Section 7422(h) deprives this court of jurisdiction to hear any action for refund "attributable to partnership items."

The court agrees with those authorities cited above that a determination of whether a partnership has extended the statute of limitations under TEFRA is the type of issue intended to be decided on the partnership level to affect each partner alike and therefore should be deemed to be a "partnership item" under the statute. *See Barnes,* 1997 WL 732594 at *3; *Thomas,* 967 F.Supp. 505, 506. As recognized by Judge Camp of this district, "[t]o hold otherwise would risk the inconsistency and duplication of litigation which TEFRA seeks to avoid." *Thomas,* 967 F.Supp. 505, 506. Accordingly, the court will dismiss Plaintiff's claims for refund of tax assessments, brought under the theory of Winer's alleged improper extension of the TEFRA statute of limitations, for lack of subject matter jurisdiction pursuant to 26 U.S.C. § 7422(h).

b. *Representation Before Tax Court*

Plaintiffs also complain that Winer was without authority to represent Masters before the Tax Court. Plaintiffs argue that the rationale underlying the *Transpac* decision is that procedural due process requires that the Government exercise TEFRA procedures in good faith. They assert that the Government did not act in good faith in its dealings with the Masters partners, but instead covertly reinstated Winer as TMP of Masters with the intent of using Winer as an instrument of the Government. They explain that the Government's conduct in seeking an injunction prohibiting Winer from serving as TMP for Masters severed the fiduciary relationship between Winer and the Masters partners and thereby rendered the Masters partners strangers to the TEFRA proceedings before the Tax Court. Plaintiffs ask this court to find that Winer lost his authority properly to serve as TMP by virtue of the Government's actions. They contend that this court should construe § 7422(h) in such a manner as to permit them to bring an action for refund in their case on the basis that the Government

knowingly used an unauthorized TMP to act on behalf of Masters.

The initial issue presented by Plaintiffs' claim for refund based upon Winer's alleged lack of authority to represent Masters before the Tax Court is identical to that discussed above: whether 26 U.S.C. § 7422(h) precludes this court's exercise of jurisdiction over the claim. Plaintiffs seek to persuade this court on the merits of their claim that Winer was not their proper representative and that as a result they were deprived of their constitutional right to procedural due process. Defendant attempts in response to show the court that the notice provisions of TEFRA were satisfied and that under the terms of TEFRA, Plaintiffs were proper parties to the suit before the Tax Court initiated by Winer and thereby were afforded a sufficient forum in which to be heard prior to the assessment of any taxes against them. *See* 26 U.S.C. §§ 6223 and 6226. Before turning to the merits of either claim, however, the court must determine whether Plaintiffs' action is for a "refund attributable to partnership items" and therefore encompassed within 26 U.S.C. § 7422(h).

 Neither party has cited, and the court cannot find, a case considering whether a determination of whether a TMP was the proper representative of a partnership before the Tax Court under TEFRA is to be deemed a "partnership item" under the statute. This issue, however, is very closely related to that discussed above regarding the extension of the statute of limitations under TEFRA. As previously explained, extension of the statute of limitations is properly deemed a partnership item because it is the type intended to be decided on the partnership level to affect each partner alike and in turn to avoid inconsistent and duplicative litigation. After careful consideration, the court finds that a determination of whether a TMP was a proper representative of a partnership before the Tax Court under the TEFRA judicial review procedure should likewise be deemed a "partnership item" for purposes of 26 U.S.C. § 7422(h).

The reasoning of the Seventh Circuit in *Kaplan v. United States* is persuasive, even though that case deals specifically with the authority of the TMP to consent to an extension of the statute of limitations under TEFRA. *Kaplan*, 133 F.3d 469. In *Kaplan*, several partners of a partnership attempted to bring a claim for refund under the theory that the TMP for their partnership was not a proper representative because he did not have a bona fide investment as a general partner in the partnership. *Id.* at 473. The partners asserted that their claim did not involve a "partnership item" under § 7422(h) but rather was merely a statute of limitations question. *Id.* In rejecting the partners' argument, the *Kaplan* court stated that the "argument [could not] succeed because the underlying substantive claim concern[ed] the propriety of the adjustments to the partnership's ... tax return." *Id.* The court reasoned that if the partners bringing suit were to succeed on their claim, it would affect the tax liability of all partners of the partnership, and "[t]his is precisely the type of challenge prohibited by TEFRA in light of Congress's decision that such suits are better addressed in one fell swoop at the 'partnership level' than in countless suits by individual partners." *Id.* The *Kaplan* court therefore concluded that the kind of statute of limitations challenge raised in that case was properly deemed to concern a partnership item. *Id.*

Applying this logic, the court finds that whether Winer was a proper representative of Masters before the Tax Court in the procedure for judicial review set forth in TEFRA is correctly deemed to be a "partnership item." This is precisely the type of issue that should be made on the partnership, rather than the partner, level in order to avoid numerous suits by individual partners that may yield inconsistent results. The taxes that Plaintiffs seek to have refunded were assessed on the basis of a partnership item, and therefore 26 U.S.C. § 7422(h) precludes this court's review.

In sum, although the court is somewhat troubled by Plaintiffs' allegations as to Winer's improper and insufficient representation of Masters, it cannot assume jurisdiction over a matter which Congress has clearly decided should be litigated through other channels. TEFRA was designed to provide for a process of judicial review of the IRS's adjustments to partnership returns and subsequent assessments of taxes on the basis of those adjustments. *See* 26 U.S.C. § 6226. One provision of the statute specifically designates that all partners are to be treated as parties to any action brought by a TMP on behalf of the partnership. *See* 26 U.S.C. § 6226(c). The decision of the court in which such a challenge is brought is thereafter reviewable just as any other case brought in that court. *See* 26 U.S.C. § 6226(g). Congress explicitly directed that the procedure for judicial review in TEFRA was to be exclusive; further review in a collateral district court proceeding is specifically precluded by 26 U.S.C. § 7422(h).

Applying this mandate to Plaintiffs in the instant case, judicial review of the tax assessments made against them as a partner of Masters may only be sought through the avenues set forth in TEFRA. Plaintiffs' claims regarding the alleged lack of authority of Winer to extend the TEFRA statute of limitations or to represent Masters before the Tax Court would be more properly raised to the Tax Court in a motion for post-judgment relief or on appeal to the Court of Appeals.[4] Because Plaintiffs' action for refund of taxes requires them to litigate a partnership item, this court lacks jurisdiction over their claim under the clear terms of 26 U.S.C. § 7422(h). Accordingly, Defendant's motion to dismiss is GRANTED as to Plaintiffs' claim for refund of taxes by reason of this court's lack of subject matter jurisdic-

tion over the claim pursuant to 26 U.S.C. § 7422(h).

### 2. Refund of Penalties Assessed for Negligence and Valuation Overstatement

Plaintiffs' claim for refund includes not only a request for refund of taxes wrongfully assessed, a claim over which this court has no subject matter jurisdiction, but also a request for refund of penalties assessed against them for negligence and valuation overstatement. Plaintiffs assert that those penalties are individual in nature and imposed at the partner level rather than at the partnership level and therefore are not "partnership items" subject to the limits on subject matter jurisdiction imposed by TEFRA.

In *Barnes v. United States*, after the court determined that it had no subject matter jurisdiction over the plaintiffs' claims for refund of taxes under 26 U.S.C. § 7422(h), it turned to the plaintiffs' claim that even if the court should find that it lacked jurisdiction over the refund of tax assessment claim, it should still exercise jurisdiction over the plaintiffs' claim for refund of additions to tax for negligence and valuation overstatement. *Barnes*, 1997 WL 732594 at *5. The *Barnes* court refused to exercise such jurisdiction, finding that "the negligence and valuation overstatement penalties are inextricably intertwined with the tax assessment." *Id.* The *Barnes* court thus declined the exercise of jurisdiction over the plaintiffs' remaining challenges to penalties assessed against them. Defendant in the instant case has expressed its disagreement with the *Barnes* court's conclusion that the lack of subject matter jurisdiction over refund of taxes assessed commands the finding that the court lacks jurisdiction over penalty assessments. (Def.'s Mot. to Dismiss at 6, n. 7).[5] Defendant thus appears to con-

---

**4.** The court expresses no opinion as to whether such causes of action would presently be viable should Plaintiffs wish to pursue them.

**5.** Plaintiffs state that the Government conceded the error of the *Barnes* court during the

appeal of that case, that the taxpayer in *Barnes* has repleaded his suit for penalties only, and that the action is currently pending in the district court.

cede that penalties of the type challenged by Plaintiffs are not partnership items and therefore not covered by § 7422(h). The court, however, finds that further discussion is warranted.

Plaintiffs explain that they were charged with additions to tax for negligence and valuation overstatement pursuant to 26 U.S.C. §§ 6653(a) and 6659. The issue raised by Defendant's motion to dismiss is whether a claim for refund of penalties so assessed is precluded by the jurisdictional bar of 26 U.S.C. § 7422(h).

 Additions to tax for negligence and valuation overstatement are analyzed as "affected items" under TEFRA. TEFRA defines an "affected item" as "any item to the extent such item is affected by a partnership item." 26 U.S.C. § 6231(a)(5). Because the tax treatment of an affected item depends upon tax treatment as determined at the partnership level, affected items are included in an individual partner's tax and penalty assessment only after the conclusion of proceedings conducted at the partnership level. *See N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 743, 1987 WL 45298 (1987); *Maxwell v. Commissioner*, 87 T.C. 783, 792, 1986 WL 22033 (1986). There are generally two types of affected items. The first is a computational adjustment that is made to reflect a change in a partner's tax liability caused as a result of adjustments to partnership items. *N.C.F.*, 89 T.C. at 744; *Crowell v. Commissioner*, 102 T.C. 683, 689, 1994 WL 151303 (1994); 26 U.S.C. § 6231(a)(6). The IRS need not issue a notice of deficiency to a partner prior to assessing a computational adjustment against that partner. *N.C.F.*, 89 T.C. at 744; 26 U.S.C. § 6230(a)(1). Instead, the tax treatment of the partnership is simply passed along to the individual partners through computational adjustments.

 The second type of affected item requires factual determinations to be made at the partner level. *N.C.F.*, 89 T.C. at 744; *Crowell*, 102 T.C. at 689. Additions to tax for negligence and valuation over-statement are the types of affected items requiring factual determinations at the individual partner level. *N.C.F.*, 89 T.C. at 745. Normal deficiency procedures apply to this second type of affected item. *Crowell*, 102 T.C. at 689; 26 U.S.C. § 6230(a)(2)(A)(i).

In *Kohn v. Commissioner*, 77 T.C.M. (CCH) 1957 (1999), the Tax Court addressed, in a memorandum opinion, an issue similar to that presently before the court in the context of another of Sam Winer's recycling partnerships. In that case, a partner of Hamilton Recycling Associates brought an action seeking refund of taxes, interest, and additions to tax for negligence and valuation overstatement assessed pursuant to 26 U.S.C. §§ 6653(a) and 6659. Alleging the same facts presented by Plaintiffs in the instant case regarding Winer's removal and subsequent reinstatement as TMP, the plaintiffs in *Kohn* challenged the authority of Winer to represent Hamilton before the IRS and the Tax Court. The court in *Kohn* first found that it was without jurisdiction to hear any challenge to the Tax Court's determination of deficiencies attributable to partnership items. *Id.* The court then turned to consider whether it could exercise jurisdiction over the plaintiffs' claims for refund of additions to tax for negligence and valuation overstatement.

The court distinguished the two types of affected items: computational adjustments on the one hand, and affected items requiring factual determinations made at the partner level on the other. *Id.* The court considered the scheme set forth in TEFRA for judicial review of determinations of tax liability at the partnership level, and then concluded that in light of the statute it could not exercise jurisdiction over deficiencies assessed by computational adjustment. *Id.* The court concluded with the explanation that its "jurisdiction ... [was] limited to redetermining [the plaintiffs'] liability for the additions to tax set forth in the affected items notice of deficiency" and that it

"lack[ed] jurisdiction to consider [the plaintiffs'] liability for the deficiencies that were assessed by computational adjustment." *Id.*

■ The court finds the distinction made by the *Kohn* court between the types of affected items to be a logical one. A computational adjustment is merely a method of passing on to the partners the deficiencies determined, at the conclusion of the proceedings set forth in TEFRA, to be owed by a partnership. This court has established that it has no jurisdiction to review the tax treatment of partnership items under 26 U.S.C. § 7422(h). It logically follows, therefore, that this court cannot hear a challenge to computational adjustments made simply in reaction to a determination of the tax treatment of a partnership item. Jurisdiction is proper in this court, however, over affected items such as additions to tax for negligence and valuation overstatement that require factual determinations made at the partner level.

■ In their complaint, Plaintiffs indicate two bases for challenging additions to tax for negligence and valuation overstatement; they assert both that the assessments against them were time barred and invalid as a result of Winer's improper actions and that the assessments should not have been made because Plaintiff John E. Clark relied upon professional advice in making his investment in Masters and did not commit negligence or intentionally disregard provisions of the Code in claiming deductions and credits arising from his investment.

It appears that this court may exercise jurisdiction over the latter but not the former. As previously discussed, this court is without jurisdiction to review the determinations as to Masters' tax liability made by the Tax Court. Accordingly, to the extent Plaintiffs' claim for refund of additions to tax for negligence and valuation overstatement is merely an attempt to challenge the ruling of the Tax Court as to the tax treatment of partnership items, this court is without jurisdiction to hear

the claim. However, this court can exercise its jurisdiction over Plaintiffs' claims for refund of additions to tax for negligence and valuation overstatement which were made on the basis of a factual determination that Plaintiffs' conduct at the partner level warranted such penalties.

Accordingly, Defendant's motion to dismiss Plaintiff's claim for refund of penalties for lack of subject matter jurisdiction under 26 U.S.C. § 7422(h) is GRANTED IN PART and DENIED IN PART. To the extent Plaintiffs seek refund of computational adjustments made to record the change in their tax liability resulting from the treatment of the partnership items of Masters, Defendant's motion to dismiss is GRANTED by reason of this court's lack of subject matter jurisdiction. Defendant's motion to dismiss is DENIED, however, as to Plaintiffs' claim for refund of additions to tax for negligence and valuation overstatement assessed on the partner level pursuant to 26 U.S.C. §§ 6653(a) and 6659.

### C. *Abatement of Interest*

Plaintiffs claim that there was no basis for imposition of the penalty rate of interest against them under 26 U.S.C. § 6621(c)(3) because the Tax Court did not find Masters to have been engaged in a "tax motivated transaction." They also seek abatement of interest under 26 U.S.C. § 6404(e) under the theory that the Government's wrongdoing in the removal and subsequent reinstatement of Winer resulted in excessive interest being imposed upon them beginning February 18, 1986.

#### 1. *26 U.S.C. § 6404(e)*

Defendant contends that this court lacks subject matter jurisdiction over Plaintiffs' request for abatement of interest under 26 U.S.C. § 6404(e). This section provides in part:

In the case of any assessment of interest on—

any deficiency attributable in whole or in part to any unreasonable error or delay

by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act,

\* \* \*

the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

26 U.S.C. § 6404(e).

■ The Eleventh Circuit has held that the decision of the IRS not to abate interest pursuant to 26 U.S.C. § 6404(e) is not subject to judicial review. *See McMullen v. Commissioner*, 27 F.3d 510, 510–11 (11th Cir.1994); *Horton Homes, Inc. v. United States*, 936 F.2d 548, 551–53 (11th Cir.1991). *See also Bax v. Commissioner*, 13 F.3d 54 (2nd Cir.1993). Defendant contends on the basis of this authority that this court does not have subject matter jurisdiction over Plaintiffs' claims for abatement of interest pursuant to § 6404(e). Plaintiffs offer no opposition to Defendant's assertion.

■ Under the terms of 26 U.S.C. § 6404(e) and the clear holding of the Eleventh Circuit, the court finds that it is without power to review decision of the Commissioner not to abate interest in Plaintiffs' case. Defendant's motion to dismiss Plaintiffs' claim for abatement of interest under 26 U.S.C. § 6404(e) is accordingly GRANTED.

### 2. *26 U.S.C. § 6621(c)*

■ Plaintiffs also contend in their complaint that a penalty rate of interest

was wrongfully imposed upon them under 26 U.S.C. § 6621(c). Prior to its repeal in 1989,[6] this section provided that "in the case of interest payable under section 6601 with respect to any substantial underpayment attributable to tax motivated transactions, the rate of interest established under this section shall be 120 percent of the underpayment rate established under this section." 26 U.S.C. § 6621(c)(1) (1989). The term "tax motivated transaction" was defined to include: (1) any valuation overstatement under 26 U.S.C. § 6659(c); (2) any loss disallowed by reason of § 465(a) and any credit disallowed under § 46(c)(8); (3) any straddle; (4) any use of an accounting method prescribed by the Secretary in the regulations as one which may result in substantial distortion of income; and (5) any sham or fraudulent transaction. 26 U.S.C. § 6621(c)(3) (1989).

Defendant does not directly address the merits of Plaintiffs' claim under § 6621 in its motion to dismiss, and it does not appear that judicial review is precluded on this claim. Accordingly, to the extent Defendant seeks dismissal of Plaintiffs' claim under § 6621 for lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted, that motion is DENIED.

### D. *26 U.S.C. § 6224(c)(2)*

In support of their claim for refund of the penalty rate of interest imposed under 26 U.S.C. § 6621(c)(3), Plaintiffs set forth various arguments. First, they state that because the Tax Court did not find that Masters was engaged in a "tax motivated transaction" there was no basis for imposition of the penalty rate of interest. (Compl. at ¶ 35). They next cite two Tax Court decisions entered in the case of a person named Elliot I. Miller which they

---

**6.** Subsection (c) of 26 U.S.C. § 6621 was repealed by section 7721 of the Omnibus Budget Reconciliation Act of 1989, Pub.L. 101–239, 103 Stat. 2106 (1989), applicable to returns the due date for which fell after December 31, 1989. A new subsection (c), entitled "Increase in underpayment rate for large corporate underpayments," was added by section 11341(a) of the Omnibus Budget Reconciliation Act of 1990, Pub.L. 101–508, 104 Stat. 1388 (1990), which went into effect for purposes of determining interest for periods after December 31, 1990.

claim are on point with the instant case and warrant a finding by this court that the penalty rate of interest under 26 U.S.C. § 6621(c) was not appropriate in their case. (Compl. at ¶ 38). Finally, Plaintiffs refer to the "consistency rules" set forth in 26 U.S.C. § 6224(c)(2) and claim that they are entitled to the same result as reached in the adjudications concerning taxpayer Miller. (Compl. at ¶ 39).

Defendant contends that 26 U.S.C. § 6224(c)(2) is not applicable in the instant case and that Plaintiffs' cause of action thereunder should be dismissed for failure to state a claim upon which relief may be granted.

Section 6224 provides in part that "[i]f the Secretary enters into a settlement agreement with any partner with respect to partnership items for any partnership taxable year, the Secretary shall offer to any other partner who so requests settlement terms for the partnership taxable year which are consistent with those contained in such settlement agreement." 26 U.S.C. § 6224(c)(2). Defendant contends that this section is inapplicable to the instant case, for Plaintiffs have not even alleged that they and Elliot I. Miller were partners in the same partnership. In their response to Defendant's motion to dismiss, Plaintiffs contend that apart from 26 U.S.C. § 6224(c)(2), courts apply a principle of equality between similarly situated taxpayers in applying provisions such as 26 U.S.C. § 6621(c), and therefore the tax treatment in the Miller case should be taken into account when hearing their claim. (Pls.' Resp. at 9, n. 5).

Based upon the allegations set forth in Plaintiffs' complaint, the court agrees with Defendant that Plaintiffs cannot succeed on their claim for refund of the penalty rate of interest assessed under 26 U.S.C. § 6621(c) through sole reliance on 26 U.S.C. § 6224(c)(2). However, the court does not find this issue appropriate for dismissal. Plaintiffs have set forth their causes of action, including arguments in support, in a "position in the alternative" format. Plaintiffs mention § 6224(c)(2) only after setting forth two other positions upon which they claim relief. Further, in their response to Defendant's motion to dismiss, Plaintiffs seem to recognize that 26 U.S.C. § 6224(c)(2) is not the appropriate avenue through which to claim relief and emphasize that their use of the Miller cases is in support of the theory that consistent treatment is warranted by the Code. In sum, although the court agrees with Defendant that Plaintiffs' sole reliance on 26 U.S.C. § 6224(c)(2) would in all likelihood be a losing argument, Plaintiffs' claim is not posed in such a manner as to make dismissal appropriate. Defendant's motion to dismiss Plaintiffs' claim for refund of the penalty rate of interest under 26 U.S.C. § 6621(c) because of the inapplicability of 26 U.S.C. § 6224(c)(2) is accordingly DENIED.

### E. *Estoppel*

Plaintiffs assert that because the IRS actively aided and required Winer to violate his fiduciary duties to Masters for its own benefit, that Defendant is estopped from collecting taxes, interest, and penalties assessed with the consent of Winer as TMP. Defendant contends that Plaintiffs' estoppel claim should be dismissed for two reasons. First, Defendant asserts that the grounds for estoppel set forth by Plaintiffs stem from the actions taken by the IRS in determining the tax treatment of partnership items and therefore must be raised in a partnership level rather than an individual partner level proceeding. Second, Defendant contends that Plaintiffs cannot state a claim under the doctrine of estoppel upon which relief may be granted because they have failed to plead sufficient facts to support such a cause of action and have not shown the existence of such extreme circumstances so as to warrant the invocation of the doctrine of estoppel against the Government.

■■■■■ In order to establish a claim for estoppel, Plaintiffs must at a minimum establish the following three elements of a traditional equitable-estoppel claim: "(1)

'words, acts, conduct or acquiescence causing another to believe in the existence of a certain state of things,' (2) 'wilfulness or negligence with regard to the acts, conduct or acquiescence' and (3) 'detrimental reliance by the other party upon the state of things so indicated.'" *Tefel v. Reno,* 180 F.3d 1286, 1302 (11th Cir.1999) (*quoting Federal Deposit Ins. Corp. v. Harrison,* 735 F.2d 408, 413 (11th Cir.1984)). In addition, in order to establish a claim for equitable estoppel against the government, a plaintiff must show some affirmative misconduct on the part of the government. *Id.* at 1303. As recognized by the Eleventh Circuit, however, the Supreme Court has yet to resolve the issue of whether the doctrine of equitable estoppel can ever be applied to the federal government. *Id.* at 1302 (*citing Office of Personnel Management v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) and *Heckler v. Community Health Serv. of Crawford County, Inc.,* 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)).

The court finds that Plaintiffs in the instant case have failed to allege the elements of a traditional estoppel claim; they have not indicated any words, acts, or conduct of the IRS that they claim to have relied upon to their detriment. It is therefore unnecessary to consider whether Plaintiffs have alleged facts upon which it could be shown that the Government engaged in some affirmative misconduct. Further, the court agrees with Defendant that Plaintiffs' estoppel claim is in essence a challenge to the entire proceeding conducted at the partnership level of Masters in accordance with TEFRA and cannot properly be argued at Plaintiffs' individual partner level. Finally, the court notes that Plaintiffs have not opposed this portion of Defendant's motion to dismiss.

In accordance with the foregoing, the court finds that Plaintiffs have failed to state a claim for estoppel upon which relief may be granted. Defendant's motion to dismiss this claim is therefore GRANTED.

## III. Conclusion

Defendant's and Plaintiffs' motions to supplement [13–1, 15–1] are both GRANTED.

Defendant's motion to dismiss [8–1] is GRANTED IN PART and DENIED IN PART. As to Plaintiffs' claim for refund of taxes assessed against them by virtue of their status as a partner in Masters, Defendant's motion is GRANTED by reason of this court's lack of subject matter jurisdiction pursuant to 26 U.S.C. § 7422(h). Defendant's motion is also GRANTED as to Plaintiff's claim for refund of additions to tax for negligence and valuation overstatement ONLY to the extent such claim seeks refund of computational adjustments. Defendant's motion to dismiss is DENIED as to Plaintiff's claim for refund of additions to tax for negligence and valuation overstatement made pursuant to 26 U.S.C. §§ 6653(a) and 6659 at the individual partner level. Defendant's motion to dismiss Plaintiff's claim for abatement of interest under· 26 U.S.C. § 6404(e) is GRANTED for lack of subject matter jurisdiction. Defendant's motion is DENIED as to Plaintiff's claim for refund of the penalty rate of interest assessed pursuant to 26 U.S.C. § 6621(c), despite Defendant's contention that 26 U.S.C. § 6224(c)(2) has been erroneously invoked by Plaintiffs. Finally, Defendant's motion is GRANTED as to Plaintiff's cause of action for equitable estoppel.

The following claims raised by Plaintiffs are dismissed: (1) claim for refund of taxes; (2) claim for refund of additions to tax for negligence and valuation overstatement ONLY to the extent such claim seeks refund of computational adjustments; (3) claim under the doctrine of estoppel.

The parties are DIRECTED to file their consolidated pretrial order within thirty (30) days of the filing date of this order.

SO ORDERED.