T.C. Memo. 2002-278


UNITED STATES TAX COURT


JAMES LINDSEY AND LYNNE LINDSEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6425-02.                    Filed November 4, 2002.


James Lindsey and Lynne Lindsey, pro sese.

<u>Bradley Taylor</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Petitioners, while residing in Big Bear Lake,
California, petitioned the Court to redetermine respondent's
determination that they are liable for an accuracy-related
penalty of $2,754.40 under section 6662(d).  The determination,
which relates to 1996, arises out of certain adjustments which
respondent made to the income of a partnership in which

petitioners were partners.  Currently, the case is before the Court on respondent's motion for summary judgment under Rule 121. Petitioners responded to respondent's motion under Rule 121(b).

We shall grant respondent's motion for summary judgment. Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

In 1996, petitioners were members of a partnership named RPT PRN LLC.  RPT PRN LLC was a limited liability company which was classified as a partnership for income tax purposes.

On February 28, 1997, petitioners filed with respondent a joint 1996 Federal income tax return.  They reported $18,814 as income received from RPT PRN LLC.  The total tax due reported on that tax return was $13,176.  On October 4, 2000, respondent issued to RPT PRN LLC a notice of final partnership administrative adjustment (FPAA) for 1996.  The FPAA determined an increase in the income of RPT PRN LLC.

On January 18, 2000, a petition was filed with this Court on behalf of RPT PRN LLC contesting the adjustments in the FPAA.  By order of the Court dated September 19, 2000, that proceeding was dismissed for lack of jurisdiction.

On December 17, 2001, respondent issued to petitioners a notice of deficiency for 1996.  The notice determined that

petitioners were liable for a \$2,754.40 accuracy-related penalty under section 6662(d) as a result of a substantial understatement of income tax resulting from the increase in their income from the partnership.

## Discussion

We decide whether petitioners are liable for an accuracy-related penalty under section 6662(d).

A.   Motion for Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As will be shown in the discussion that follows, petitioners have raised no genuine issue as to any material fact. Accordingly, we conclude that this case is ripe for summary judgment.

B.    Petitioners Are Precluded From Litigating the Deficiency

Petitioners allege in their petition that respondent erred in attributing to them income received from RPT PRN LLC.  We reject petitioners' allegation as we lack jurisdiction over the deficiency in their income tax attributable to their distributable share of income from RPT PRN LLC.  Petitioners had an opportunity to raise their allegation during the TEFRA procedures,[1] but they failed to do so.

The TEFRA procedures provide a method for adjusting "partnership items" in a single unified partnership proceeding, rather than in multiple separate actions, each involving a single partner.  Maxwell v. Commissioner, 87 T.C. 783, 787 (1986).

In general, the Commissioner is precluded from assessing a deficiency in income tax attributable to a partnership item, or any penalty, addition to tax, or additional amount which relates to the partnership item, until after the completion of the

---

[1] The unified audit and litigation procedures were enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401(a), 96 Stat. 648, and are commonly referred to as the TEFRA procedures.

partnership-level proceedings.  Sec. 6225(a); Maxwell v. Commissioner, supra at 788.

The tax treatment of any "partnership item" is determined at the partnership level.  Sec. 6221.  Section 6231(a)(3) defines "partnership item" as any item required to be taken into account for the partnership's taxable year to the extent regulations prescribed by the Secretary provide that the item is more appropriately determined at the partnership level than at the partner level.  Saso v. Commissioner, 93 T.C. 730, 732 (1989).  The regulations provide that the partnership aggregate and each partner's share of "Items of income, gain, loss, deduction or credit of the partnership" are "partnership items."  Sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.  The assessment of the deficiency in petitioners' Federal income tax for 1996 resulted from the adjustments respondent made in the FPAA issued to RPT PRN LLC.  At the partnership level this Court's review of the Commissioner's adjustment of partnership items is governed by section 6226.  Maxwell v. Commissioner, supra at 788.

Under section 6231(a)(5) an "affected item" is defined as "any item to the extent such item is affected by a partnership item."  Additions to tax under section 6662(a) are analyzed as "affected items".  Crystal Beach Dev., Ltd. v. Commissioner, T.C. Memo. 2000-170.  It follows that the penalty for petitioners' taxable year 1996 determined in the notice of deficiency is an

"affected item". As indicated above, the deficiency in petitioners' income tax for 1996 is attributable to partnership items of RPT PRN LLC and was assessed as a computational adjustment after the partnership-level proceeding involving that entity was completed. Therefore, we lack jurisdiction to redetermine that deficiency in this affected items case. Saso v. Commissioner, supra; Palmer v. Commissioner, T.C. Memo. 1992-352; Taylor v. Commissioner, T.C. Memo. 1992-219. Accordingly, we hold that petitioners are precluded from contesting that deficiency in this proceeding.

C.   Accuracy-Related Penalty Under Section 6662(d)

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(d) as a result of a substantial understatement of their income tax. Section 6662(a) imposes an accuracy-related penalty in the amount of 20 percent of the portion of the underpayment attributable to any substantial understatement of income tax. Sec. 6662(b)(2). The underpayment is defined as the amount by which any tax imposed exceeds the excess of the sum of the amount shown as the tax by the taxpayer on his return, plus amounts not so shown previously assessed (or collected without assessment), over the amount of rebates made. Sec. 6664(a). The understatement is defined as the excess of the amount of tax required to be shown on the return over the amount of tax shown on the return reduced by any

rebate. Sec. 6662(d)(2). Under section 6662(d)(1), the understatement is substantial if the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return or (2) $5,000.

Here, petitioners received $65,210 of income from RPT PRN LLC. They reported, however, only $18,814 of income received from RPT PRN LLC in their tax return. Petitioners' tax return showed $13,176 as tax due, while the actual tax due was $26,948.

Petitioners failed to raise any non-partnership-level issues as to the deficiency, and they have failed to raise any other defenses in order to avoid the accuracy-related penalty under section 6662(a). See secs. 6662(d)(2)(B), 6664(c)(1); sec. 1.6664-4(b)(1), (c)(1)(i), (e)(1), Income Tax Regs. It follows that petitioners had a substantial understatement of tax. Therefore, we hold that petitioners are liable for the accuracy-related penalty of $2,754.40 under section 6662(d).

We have considered all arguments made by the parties and have found those arguments not discussed herein to be irrelevant and/or without merit. To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.